## BOWMAN v. BOWMAN.

### No. 1559.

Court of Civil Appeals of Texas. Eastland.
June 5, 1936.

Rehearing Denied Sept. 18, 1936.

Y. W. Holmes, of Comanche, for appellant.

Geo. E. Smith, of Comanche, for appellee.

FUNDERBURK, Justice.

In the county court, upon appeal from the justice court, H. C. Bowman recovered

judgment against J. H. Bowman, as guardian of the person and estate of T. I. Bowman, a non compos mentis, for the sum of $128.99. The defendant guardian has appealed.

Plaintiff's pleadings were oral, except as to a statement in the form of a verified account, as follows:

"For board, housing, laundry, and care of said T. I. Bowman, in the home of H. C. Bowman, for the following period:

| | |
|---|---|
| "From August, 1933, to February, 1934, inclusive, being seven months, at the rate of ten dollars per month; amounting to.. | $ 70.00 |
| From May 20 to October 1, 1934, at the rate of ten dollars per month, amounting to......... | 53.30 |
| One pair of pants, purchased by affiant for said T. I. Bowman.. | 1.19 |
| Tobacco purchased by H. C. Bowman and furnished to said T. I. Bowman for his personal use during said periods......... | 4.50 |
| Total .................. | $128.99" |

■ Appellant's first assignment of error is: "The trial court erred in overruling defendant's general demurrer to plaintiff's cause of action, because plaintiff's pleadings failed to set up the necessary facts to be proven to entitle him to recover." The record is insufficient to enable us to pass upon the merits of the question thus attempted to be presented for our decision. The pleadings being oral, the record does not show what facts were alleged. Where oral pleadings are proper as in a justice court, or in cases appealed from a justice court to a county court, they are presumed to be sufficient, unless the record shows the contrary. In such cases the pleadings not appearing of record, there must be an agreement as to what the pleadings contain or a duly authenticated bill of exceptions showing what the pleadings were; otherwise, the question of the insufficiency of the pleadings cannot be determined. Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844; Williams v. Deen, 5 Tex.Civ.App. 575, 24 S.W. 536; Euless v. Russell (Tex.Civ. App.) 34 S.W. 176; Postal Telegraph Co. v. L. W. Levy & Co. (Tex.Civ.App.) 102 S.W. 134; Loomis v. Broaddus & Leavell (Tex.Civ.App.) 134 S.W. 743; Penrod v. Von Wolff (Tex.Civ.App.) 90 S.W.(2d) 859; Galveston, H. & S. A. R. Co. v. Masters (Tex.Civ.App.) 23 S.W.(2d) 759;

Hart v. Wilson (Tex.Civ.App.) 53 S.W. (2d) 1029.

By appellant's next assignment of error, the correctness of the judgment is challenged on the ground that the undisputed evidence showed that there was neither an express nor implied contract on the part of the defendant to pay the plaintiff for the maintenance of the ward. This, it is apparent, assumes that if there be any liability, it must be upon contract. Appellee counters with a contention to the effect that the liability which he seeks to establish is not upon a contract in the true sense, but a quasi contract—one implied in law as distinguished from one implied in fact. The distinction thus attempted to be made is,· we think, under this record, unimportant. If the defendant in this case in his capacity as guardian is liable, it is by virtue of a contract express or implied, and the evidence just as conclusively fails to show a quasi contract as a contract implied in fact.

The parties to the suit are the plaintiff and J. H. Bowman, individually, and as guardian of the person and estate of said ward. The judgment appealed from awarded recovery against the defendant only in his capacity as guardian. The ward, T. I. Bowman, is not a party to the suit. This fact is important in considering the true nature of the contract involved.

■ In Searcy v. Hunter, 81 Tex. 644, 17 S.W. 372, 373, 26 Am.St.Rep. 837, it is said: "For necessaries furnished an infant the law implies a contract." The same would be equally true of an insane ward. In Askey v. Williams, 74 Tex. 294, 11 S.W. 1101, 5 L.R.A. 176, the Supreme Court said: "It is sometimes said that if an infant gave his negotiable promissory note or his bond under seal, even for necessaries, the express contract so made is void. * * * We apprehend, however, the better doctrine to be that an infant may make an express written contract for necessaries, upon which he may be sued; but that, by showing the price agreed to be paid was unreasonable, he can reduce the recovery to a just compensation for the necessaries received by him." See, also, Johnson v. Newberry (Tex.Com. App.) 267 S.W. 476.

■ Such a liability where it exists is one enforceable against the person under disability, and, although when under guardianship, the guardian would be a proper,

if not a necessary, party, yet, we think the ward would be a necessary party to the suit. This, for the reason that the contract which the law implies is a contract between the person furnishing the necessaries and the person under disability.

Premising that the liability involved is a contract liability, and that the contract is one to which the plaintiff and the guardian are the only parties, we incline to the view that that contract must be one express or implied in fact. "The general rule is that a third person who furnishes support or maintenance to a ward acquires no enforceable claim against the guardian or the ward's estate in the guardian's hands, for payment, compensation, or reimbursement, unless there was an express or implied agreement with the guardian therefor." 28 C.J. p. 1121, § 195. Again by the same eminent authority it is said: "As a rule the parent is liable for the support of his child, and the guardian for the support of his ward. Consequently, an infant who has a parent or guardian, or one who stands in loco parentis, who provides him with everything that appears to be necessary and proper, cannot bind himself to a stranger even for necessaries." 31 C.J. p. 1077, § 174.

The evidence raised no issue of the failure or refusal of the guardian to furnish the ward the necessaries furnished by the plaintiff. There was no evidence to the effect that the guardian was in any way instrumental in sending the insane ward to become a charge upon the plaintiff brother. Many times before, the ward had for periods of varying lengths lived with the plaintiff and had been supported and maintained in the same way, except that formerly he was able to render services, and in that way compensate to some extent for such support and maintenance. We think in view of this fact there could be no implication of a promise on the part of the guardian to pay for such support and maintenance in the absence of facts showing a notice to the guardian of an intent on the part of plaintiff that the former custom was to be changed. During all the time the ward lived with the guardian no charge was ever made by the latter for his board and lodging. For special reasons, when the ward stayed with the sons of the guardian, the guardian allowed $10 a month, and this fact is the only basis remotely suggested by the evidence for any implication of a promise on the part of the guardian to pay the plaintiff. Considered in the light of the previous custom, we think no such implication arises. After a large part of the account had accrued, plaintiff did give notice to the guardian that he was claiming compensation, liability for which was promptly denied. Thereafter, of course, there could be no implication of a promise to pay. Even if the guardian could be held upon a quasi contract, there is such absence, we think, of evidence to show a failure or refusal of the guardian to discharge his duty of supporting the ward that no such contract can be implied in law.

We do not regard the question a material one whether there was a clear income from the ward's estate sufficient to pay the claim in suit. Unless there was such clear income, then neither the guardian nor the plaintiff could by furnishing necessaries charge the ward's estate with liability therefor without an order of the probate court authorizing such expenditures. Dallas Trust & Sav. Bank v. Pitchford (Tex.Civ.App.) 208 S.W. 724. It by no means follows, however, that if there was such clear income the plaintiff could charge the estate with liability under the facts disclosed by this record. The same necessity would exist for showing a contract of some kind creating the obligation.

It is therefore our opinion that the judgment of the court below should be reversed, and the judgment be rendered that plaintiff take nothing by his suit, which is accordingly so ordered.