**Bea NELKIN, Appellant,**

v.

**Ida PANZER and Joellen Snow, Appellees.**

No. 01–91–00963–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 11, 1992.

Martha Failing, Houston, for appellant.

Newton Schwartz, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This appeal involves a guardianship action in which appellant, Bea Nelkin, filed an application for permanent guardianship of the person and estate of Gladys Nelkin, N.C.M. (Ward). Appellee Joellen Snow was

appointed temporary guardian of the person and estate of Ward, and was later appointed permanent guardian of the person and estate of Ward. The appeal is from an order denying appellant's first amended application for payment of costs entered by the trial court on June 21, 1991. TEX.PROB.CODE ANN. § 5(f) (Vernon Supp. 1992). We affirm.

## Summary of Facts

Appellant, daughter-in-law of Ward, filed an application for permanent guardianship in this cause on June 19, 1990. On July 30, 1990, appellee Ida Panzer, daughter of Ward, filed a cross-application for permanent guardianship.

The trial court requested that Joellen Snow, an attorney, file an application for temporary guardianship. She did so and was appointed temporary guardian of the person and estate of Ward on August 15, 1990.

On September 11, 1990, Snow filed a cross-application for permanent guardianship of the person and estate of Ward. On September 24, 1990, appellant and Panzer, individually and through their respective counsel, and Lee Read, attorney ad litem for the proposed Ward, agreed that Snow would be appointed permanent guardian of the person and estate of Ward.

After hearing testimony and reviewing the pleadings, the trial court found the proposed Ward to be incompetent. An agreed order, approved as to form and substance by all counsel in the case, was signed by the trial court on October 10, 1990.

The agreed order provided that Snow, Joseph S. Horrigan (co-counsel for Snow), and Read would be allowed reasonable attorney's fees and expenses to be paid from the estate of Ward. No agreement was made in the order of October 10, 1990, nor in the proceedings in open court on September 24, 1990, for appellant's attorney's fees and expenses to be paid from the estate of the Ward.

Appellant is a private litigant in the guardianship proceedings who retained her own attorneys. Appellant has never been the personal representative of the estate of the Ward.

In five points of error, appellant seeks a reversal of the trial court's order denying her request for payment of her attorney's fees and expenses from the estate of the Ward. Appellant maintains that section 247 of the Texas Probate Code and current case law provides for the payment of attorney's fees and expenses of Bea Nelkin from the estate of Ward. In the alternative, appellant argues that the probate court should have allowed for payment of attorney's fees and expenses from the estate of Ward, based on a contract for "necessaries" by an incompetent person. In a single cross-point, Panzer contends that sections 242 and 247 of the Texas Probate Code do not provide for or allow for payment of attorney's fees as costs or expenses in the context of the estate of the Ward.

## Standard of Review

Appellant submitted the trial court's findings of fact and conclusions of law for review by this Court. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). If no statement of facts is made a part of the record on appeal, the reviewing court presumes that sufficient evidence was introduced to support the trial court's findings of fact and the judgment. *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79, 82 (1955); *Alexander v. Barlow*, 671 S.W.2d 531, 535 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Conclusions of law are reviewable de novo as a question of law. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Simpson v. Simpson*, 727 S.W.2d 662, 664 (Tex.App.—Dallas 1987, no writ).

### Denial of Nelkin's Attorney's Fees

As a basis for denial of appellant's application for payment of fees, the court held that neither current Texas law nor section 247 of the Texas Probate Code provide for payment of appellant's fees and expenses from the Ward's estate. The court also held that appellant's request for payment of attorney's fees and expenses from the estate of Ward is not based on a contract for necessaries by an incompetent person.

### Attorney's Fees: Current Texas Law

■ In point of error two, appellant contends that the probate court erred in finding that under current Texas law, she is not entitled to the payment of attorney's fees from the Ward's estate. The general rule regarding attorney's fees is that, absent a contractual or statutory provision to the contrary, each party bears the cost of her own attorney. *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1965); *Stewart v. Texco Newspapers, Inc.*, 734 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1987, no writ); TEX.CIV.PRAC. & REM.CODE ANN. § 38.-001 (Vernon 1986). Appellant does not maintain that the guardianship proceeding was based on contract; therefore, this Court must determine whether she is entitled to recover attorney's fees based on provisions in the Texas Probate Code.

### Attorney's Fees: Texas Probate Code

■ In point of error one appellant claims that the probate court erred in finding that section 247 of the Texas Probate Code does not provide for the payment of her attorney's fees from the estate of the Ward. In point of error three, appellant argues that the trial court erred in finding that an unsuccessful applicant to be appointed guardian of the person and estate of a ward is not entitled to recover fees and expenses from the estate of the ward.

Section 247 of the Texas Probate Code provides:

> When any person is found to be of unsound mind or to be an habitual drunkard, *the cost of the proceeding* shall be paid out of his estate, or, if his estate is insufficient to pay the same such costs shall be paid out of the county treasury

and the judgment of the court shall be accordingly.

TEX.PROB.CODE ANN. § 247 (Vernon 1980) (emphasis added). Though appellant acknowledges that she found no Texas cases interpreting the code provision, she claims the language is general and vague. Appellant urges this Court to interpret the language "the cost of the proceeding" to include reasonable legal fees incurred in invoking the jurisdiction of the Court. We decline to do so.

Instead, we look to specific provisions of the probate code that allow for payment of attorney's fees. Section 242 of the Texas Probate Code provides:

> Personal representatives of estates shall also be entitled to ... *all reasonable attorney's fees*, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court.

TEX.PROB.CODE ANN. § 242 (Vernon 1980) (emphasis added). "Personal representative" is defined as: "executor, independent executor, administrator, independent administrator, temporary administrator, guardian, and temporary guardian, together with their successors." *Id.* at § 3(aa) (Vernon 1980). Appellant was not the personal representative of the estate of Ward; therefore, she is not entitled to attorney's fees under provisions of the Texas Probate Code that expressly allow the trial court to award attorney's fees.

■ To interpret the code provision in question, this Court must consider "the entire act, its nature and object, and the consequences that would follow from each construction." *Sayre v. Mullins*, 681 S.W.2d 25, 27 (Tex.1984) (citing *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956)). All of the terms of the provision must be given full effect, looking only to the code's language to ascertain its intent. *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex.1984).

■ Applying rules of construction to section 247, we hold that the trial court was entitled to deny appellant attorney's fees that are not expressly authorized un-

der the language of sections 242 or 247. We overrule points of error one, two, and three. We sustain appellee's cross-point.

Attorney's Fees: Contract for Necessaries

 Appellant also seeks reimbursement of her attorney's fees and expenses from the Ward's estate on the theory that her attorney's services were performed pursuant to a contract for necessaries by an incompetent person. The law will imply a contract between the person furnishing the necessaries and the person under disability. *Bowman v. Bowman*, 96 S.W.2d 667, 669 (Tex.Civ.App.—Eastland 1936, no writ). Appellant's attorney was retained by appellant, not by the Ward.

Snow was appointed temporary guardian of the person and estate of Ward on August 15, 1990. Once that occurred, only Snow had the power to contract for legal services for the Ward. The Ward no longer had authority to bind herself and her estate to pay attorney's fees. *Breaux v. Allied Bank of Texas*, 699 S.W.2d 599, 602–03 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Bowman*, 96 S.W.2d at 669.

We overrule points of error four and five.

### Agreed Order

Finally, appellant agreed to the order entered by the trial court on October 10, 1990, appointing Snow as the permanent guardian of the person and estate of the Ward and resolving all issues related to the guardianship contest. The agreed order provides:

> It is further ORDERED, ADJUDGED, and DECREED that JOELLEN SNOW, JOSEPH S. HORRIGAN, and LEE READ shall be allowed reasonable attorneys' fees and expenses to be paid from the guardianship estate pursuant to Section 247 of the Texas Probate Code upon presentation of proper application to the Court or Jury.

No provision for payment of appellant's attorney's fees is made in the order.

The agreed order was final and it fully disposed of the controverted issues. *White*

*v. Pope*, 664 S.W.2d 105, 107 (Tex.App.— Corpus Christi 1983, no writ) (citing *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210 (1960)); *Rodeheaver v. Alridge*, 601 S.W.2d 51, 54 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Cherry v. Reed*, 512 S.W.2d 705, 706 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ ref'd n.r.e.).

We affirm the order of the trial court.