TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00817-CV






State of Texas, Appellant




v.




The Evangelical Lutheran Good Samaritan Society


d/b/a Parks Good Samaritan Village, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 97-06485, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 The Attorney General, upon referral from the Texas Department of Human Services
(the "TDHS"), brought suit against appellee The Evangelical Lutheran Good Samaritan Society
(the "Society") seeking civil penalties for violations under chapter 242 of the Texas Health and
Safety Code regarding the operation of one of the Society's nursing homes. The Society filed a
motion to show cause by what authority the Attorney General was authorized to file suit. Pursuant
to Texas Rule of Civil Procedure 12, the district court, after finding that the Attorney General
lacked both statutory and constitutional authority to prosecute the suit, dismissed the case. The
State of Texas appeals. We will reverse the district court's order.


BACKGROUND


 This case arises from an investigation by TDHS following the death of a resident
at Parks Good Samaritan Village (the "facility"), a nursing home. TDHS found that the Society
violated three separate standards promulgated by the agency. Using its power under chapter 242
of the Texas Health and Safety Code and Title 40, section 19.2110 of the Texas Administrative
Code, TDHS referred the case to the Attorney General. See Tex. Health & Safety Code Ann.
§§ 242.001-.804 (West 1992 & Supp. 1999); see also 40 Tex. Admin. Code § 19.2110 (1998). 
Because the violations posed a threat to the health and safety of residents at the facility, TDHS
requested that the Attorney General bring suit for civil penalties under section 242.065 of the
Texas Health and Safety Code. See Tex. Health & Safety Code Ann. § 242.065 (West Supp.
1999). Suit was filed in Ector County in March 1997, but at the request of both parties was
transferred to Travis County in April of the same year. Shortly thereafter, the Society filed an
amended answer and counterclaims. In May, the Society filed a motion to cause attorney to show
authority in accordance with Rule 12 of the Texas Rules of Civil Procedure. (1) See Tex. R. Civ.
P. 12. The motion asserted that the Attorney General lacked both statutory and constitutional
authority to bring the suit. The district court agreed with the Society and signed an order
dismissing the case. The State of Texas filed a motion for new trial, which was denied by the
district court. In three points of error, the State of Texas now appeals the district court's order
granting the Society's motion to show authority.


DISCUSSION


 This Court must determine whether the district court erred in granting the Society's
motion to cause attorney to show authority. The district court concluded that the Attorney
General, upon referral from TDHS, did not have authority to bring a suit for civil penalties under
section 242.065 of the Texas Health and Safety Code. The district court's finding that an attorney
lacks authority to file or maintain a suit is a conclusion of law. Gulf Reg'l Educ. Television v.
University of Houston, 746 S.W.2d 803, 806 (Tex. App.--Houston [14th Dist.] 1988, writ denied)
(involving the grant of a motion to cause attorney to show authority). As a conclusion of law, we
review the district court's finding de novo. See Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex.
App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.).

 The issue of whether the Attorney General has authority to bring suit arises because
section 242.065 fails to expressly mention which law enforcement entity should represent TDHS
in seeking civil penalties in a court of law. See Tex. Health & Safety Code Ann. § 242.065 (West
Supp. 1999). We must, therefore, interpret the legislative intent behind section 242.065 in order
to determine which law enforcement agency is appropriate to bring suit. Legislative intent is
determined by examining the language used in the statute, reading every word, phrase, and
expression as if it were deliberately chosen for a purpose. Southwestern Bell Tel. Co. v. Pub.
Util. Comm'n, 745 S.W.2d 918, 923-24 (Tex. App.--Austin 1988, writ denied). We cannot,
however, construe section 242.065 in isolation, but rather, must construe it in the context of the
statute as a whole. See Martin v. Department of Pub. Safety, 964 S.W.2d 772, 774 (Tex.
App.--Austin 1998, no pet.). Consequently, before examining section 242.065 directly, we
examine the statutory framework established by chapter 242, and the role the Attorney General
plays in that framework.

 Chapter 242 of the Texas Health and Safety Code is the primary legislation for the
regulation and oversight of nursing homes in the State of Texas. Chapter 242 is divided into
seventeen subchapters. These subchapters generally fall into three broad categories: administrative
requirements, medical care and services, and enforcement. The subchapters within the
administrative requirements category deal with day-to-day operation of an institution. (2) See Tex.
Health & Safety Code Ann. §§ 242.032-.049, .221-.226, .301-.322 (West Supp. 1999). Examples
of the types of provisions in this category include those dealing with licensing requirements for
institutions and the system for medicaid reimbursements. See Tex. Health & Safety Code Ann.
§§ 242.032-.049, .221-.226 (West Supp. 1999). The medical care and services category includes
general requirements about the quality of care patients are to receive and about particular services
that are to be provided. See Tex. Health & Safety Code Ann. §§ 242.151-.161, .201-.204, .401-.404, .601-.615, .801-.804 (West Supp. 1999). Provisions in this category govern, among other
things, the administration of medication and the services provided to specific kinds of residents,
such as children and residents suffering from Alzheimer's Disease. See Tex. Health & Safety
Code Ann. §§ 242.601-.615, .201-.204, .801-.804 (West Supp. 1999). The category
encompassing the majority of the statute's subchapters is enforcement. See Tex. Health & Safety
Code Ann. §§ 242.061-.073, .094-.099, .1225-.134, .251-.268, .501-.504, .551-.554, .651-.655
(West Supp. 1999). Within this category are the provisions concerning resident's rights,
appointment of trustees for institutions, reports of abuse and ensuing inspections, arbitration of
disputes, and general enforcement. Id.

 Although the statute gives TDHS the primary responsibility in Texas for regulating
nursing homes, the legislature has also articulated an extensive role for the Attorney General. For
instance, the Attorney General and TDHS are both required to prepare annual performance reports
of the administration of their respective duties under the chapter. Tex. Health & Safety Code
Ann. § 242.005 (West Supp. 1999). Additionally, the long-term care legislative oversight
committee is required to review specific recommendations for legislation from the Attorney
General as well as TDHS. Tex. Health & Safety Code Ann. § 242.653 (West Supp. 1999). With
regard to legal proceedings, chapter 242 explicitly requires the Attorney General to provide legal
assistance as necessary to enforce the provisions of subchapter I in particular, and furthermore to
cooperate in any legal proceeding requested by TDHS. Tex. Health & Safety Code Ann.
§§ 242.073, .320 (West Supp. 1999).

 We now focus our attention on subchapter C, General Enforcement, and, in
particular, section 242.065, the section at issue in this appeal. It is evident that the legislature's
amendments to this subchapter in 1995 and 1997 were an attempt to provide greater protection for
the health and safety of nursing home residents. (3) As in other subchapters, the legislature
envisioned a key role for the Attorney General.

 Subchapter C of chapter 242 provides various enforcement tools for TDHS to use
in the regulation of nursing homes. The tools available to TDHS include administrative penalties,
trusteeship, criminal penalties, and civil penalties. See Tex. Health & Safety Code Ann.
§§ 242.065, .069, .094 (West Supp. 1999). Administrative penalties are assessed by TDHS for
minor violations of the statute. The Attorney General, upon request by TDHS, seeks collection
of the administrative penalty if the person or entity charged does not pay the penalty within thirty
days. Tex. Health & Safety Code Ann. § 242.069 (West Supp. 1999). In a trusteeship, the
Attorney General seeks appointment of a trustee to operate an institution once certain
circumstances arise and TDHS determines that a trustee is needed, such as when an institution is
operating without a license or an institution's license has been suspended or revoked. Tex. Health
& Safety Code Ann. § 242.094 (West Supp. 1999). Criminal penalties are customarily handled
by the county and district attorneys.

 In 1997, the legislature greatly enhanced civil penalties as an enforcement tool
available to TDHS. Section 242.065 provides for civil penalties when TDHS determines that a
violation has occurred that threatens the health and safety of a resident. Tex. Health & Safety
Code Ann.§ 242.065 (West Supp. 1999). Section 242.065(a) reads as follows:


A person who violates or causes a violation of this chapter or a rule adopted under
this chapter is liable for a civil penalty of not less than $1,000 or more than
$20,000 for each act of violation if the department determines the violation
threatens the health and safety of a resident.



Tex. Health & Safety Code Ann. § 242.065 (a) (West Supp. 1999). Subsection (b) requires that
a trier of fact determine the amount of the penalty to be awarded and lists factors for the trier of
fact to consider. Id. Thus, unlike the administrative penalties provided for by the statute, the trier
of fact in a civil trial, rather than TDHS, determines the amount of the civil penalty. Id. The
controversy in this case concerns whether the Attorney General has the authority to represent the
State of Texas and TDHS before the trier of fact in civil cases pursuant to section 242.065.

 During the same session the legislature enhanced the civil remedies provision, the
Legislature also enacted section 242.073, entitled Legal Action by the Attorney General. (4) Tex.
Health & Safety Code Ann. § 242.073 (West Supp. 1999). This section is also found in the
General Enforcement subchapter, and provides some insight in resolving this controversy. The
title of the section clearly anticipates that the Attorney General will bring legal actions at the
request of TDHS. Id. Subpart (a) of the section establishes the relationship between TDHS and
the Attorney General during legal proceedings. Id. Subpart (a) requires that the Attorney General
and TDHS work in close cooperation in any legal proceeding requested by TDHS. Id. The phrase
"any legal proceeding" implies that the Attorney General maintains an official role in civil trials
when referred by TDHS pursuant to section 242.065.

 Subpart (b) of section 242.073 also provides some insight. Id. Section 242.073(b)
requires the commissioner of TDHS to approve any settlement agreement of a suit brought under
Chapter 242. Id. (emphasis added). The phrase "any settlement agreement" connotes a civil or
monetary settlement such as those arising from a suit for civil penalties under section 242.065. 
Furthermore, subpart (b) directly refers to the health and safety of residents, the same concern that
section 242.065 seeks to address. Id. From the language in section 242.073, it is clear that the
legislature intended for the Attorney General to file suits under section 242.065 upon referral from
TDHS.

 Furthermore, TDHS's own interpretation of section 242.065 removes all doubt
regarding this issue. TDHS's own rules and regulations state: "[TDHS] may refer a facility to
the attorney general for the assessment of civil penalties under the Texas Health and Safety Code,
section 242.065, for a violation that threatens the health and safety of a resident." 40 Tex.
Admin. Code § 19.2110 (1998). From this regulation, it is clear that TDHS interprets the statute
to grant the Attorney General authority to bring suit under section 242.065 upon referral from
TDHS. We accord substantial weight to an administrative agency's contemporaneous
interpretation of its statutory authority, so long as that interpretation is reasonable. See Texas
Utils. Elec. Co. v. Sharp, 962 S.W.2d 723, 726 (Tex. App.--Austin 1998, pet. denied); see also
State v. Public Util. Comm'n, 883 S.W.2d 190, 197 (Tex. 1994) (holding that an administrative
agency's construction of a statute is entitled to great weight). Considering the prominent role the
Attorney General has in the overall statutory framework of chapter 242 and the historical role of
the Attorney General in representing the state in civil matters, we conclude that TDHS's
interpretation of the statute is reasonable. We, therefore, give deference to TDHS's interpretation
of section 242.065 that the Attorney General has authority to bring civil suits upon referral by
TDHS.

 The Society argues that the Attorney General needs specific authorization by statute
to represent the State in a trial under section 242.065, and that chapter 242 does not provide such
specific authorization. We disagree. The instrumental role played by the Attorney General in
chapter 242 in general, combined with the particular language of section 242.073, evidences the
legislature's intent that the Attorney General have authorization to bring suits for civil penalties
under section 242.065 upon referral from TDHS.

 The Society further argues that suits for civil penalties under chapter 242 should
be handled by county and district attorneys rather than the Attorney General. This argument
ignores the traditional roles and expertise of these law enforcement agencies. County and district
attorneys traditionally represent the State in criminal matters and have developed expertise in the
criminal law area. In fact, the Texas Code of Criminal Procedure places a duty on county and
district attorneys to represent the state in criminal matters. See Tex. Code Crim. Proc. Ann. arts.
2.01, .02 (West Supp. 1999). Consequently, even though chapter 242 is silent as to which entity
should prosecute cases involving the numerous criminal penalties established by the chapter, the
county or district attorneys customarily bring those cases. When drafting chapter 242, the
legislature recognized the duty of county and district attorneys and therefore expressly required
in the statute that final reports of investigations regarding neglect or abuse at institutions be
submitted to the district attorney for prosecution. Tex. Health & Safety Code Ann. § 242.126
(West Supp. 1999).

 The Attorney General's prominent role in the statute does not diminish the duty of
district and county attorneys to represent the state in criminal matters arising under chapter 242. 
The legislature's adherence to that proposition is exemplified in subchapter I dealing with nursing
home administration. The subchapter clearly mandates that, though the Attorney General is
required to provide legal assistance to enforce provisions of subchapter I, the Attorney General's
assistance "does not relieve a local prosecuting officer of any of the prosecuting officer's duties
under the law." Tex. Health & Safety Code Ann. § 242.320 (West Supp. 1999).

 Unlike the district and county attorneys whose expertise is in the criminal law area,
the Attorney General has expertise in representing the State of Texas in civil matters. We fail to
see any reason to modify the traditional roles of these two law enforcement agencies in the context
of enforcing chapter 242. (5) We hold that, pursuant to section 242.065, the Attorney General has
clear authority to represent the state in civil trials upon referral by TDHS. We sustain the State's
point of error in that regard. Having held that the Attorney General has direct statutory authority
to represent TDHS in this case, we need not address the State's remaining two points of error.


CONCLUSION


 Because the legislature established a prominent role for the Attorney General
throughout chapter 242 in general and in the subchapter on general enforcement in particular;
because of the broad language of section 242.073, defining the relationship between the Attorney
General and TDHS in any legal proceeding; and because we defer to TDHS's interpretation of its
own regulation allowing for referral of institutions to the Attorney General for the assessment of
civil penalties, we hold that the Attorney General has authority to seek civil penalties under section
242.065 when requested to do so by TDHS. Consequently, we reverse the order of the district
court dismissing the cause for failure to show proper authority and remand the cause to the district
court for further proceedings.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Yeakel*

Reversed and Remanded

Filed: December 3, 1998

Publish

* Before Lee Yeakel, former Chief Justice, Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).
1. Texas Rule of Civil Procedure 12 provides in relevant part:


A party in a suit or proceeding pending in a court of this state may, by sworn written
motion stating that he believes the suit or proceeding is being prosecuted or defended
without authority, cause the attorney to be cited to appear before the court and show
his authority to act . . . . Upon his failure to show such authority, the court shall
refuse to permit the attorney to appear in the cause, and shall strike the pleadings if
no person who is authorized to prosecute or defend appears.


Tex. R. Civ. P. 12.
2. We use the term "institution" as it is defined in section 242.002. See Tex. Health & Safety
Code Ann. § 242.002 (West Supp. 1999).
3. Section 242.001, entitled Scope, Purpose, and Implementation, states in relevant part:


(d) The legislature finds that the construction, maintenance, and operation of
institutions shall be regulated in a manner that protects the residents of the
institution by:


 . . . .


 (2) strictly monitoring all factors relating to the health, safety, welfare, and
dignity of each resident;


Tex. Health & Safety Code Ann. § 242.001 (d) (2) (West Supp. 1999).
4. § 242.073. Legal Action by the Attorney General


(a) The department and the attorney general shall work in close cooperation
throughout any legal proceedings requested by the department.


(b) The commissioner must approve any settlement agreement to a suit brought
under this chapter or any other law relating to the health and safety of residents
in institutions.


Tex. Health & Safety Code Ann. § 242.073 (West Supp. 1999).
5. In this opinion we answer only whether the Attorney General upon referral from TDHS has
authority to bring civil actions pursuant to section 242.065. We do not speak to the issue of a
county or district attorney's authority upon similar referral.



es of these two law enforcement agencies in the context
of enforcing chapter 242. (5) We hold that, pursuant to section 242.065, the Attorney General has
clear authority to represent the state in civil trials upon referral by TDHS. We sustain the State's
point of error in that regard. Having held that the Attorney General has direct statutory authority
to represent TDHS in this case, we need not address the State's remaining two points of error.


CONCLUSION


 Because the legislature established a prominent role for the Attorney General
throughout chapter 242 in general and in the subchapter on general enforcement in particular;
because of the broad language of section 242.073, defining the relationship between the Attorney
General and TDHS in any legal proceeding; and because we defer to TDHS's interpretation of its
own regulation allowing for referral of institutions to the Attorney General for the assessment of
civil penalties, we hold that the Attorney General has authority to seek civil penalties under section
242.0