In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01241-CV
____________

KAY SMITH, Appellant

v.

PATRICIA THORNE AND SONIA CORBIN,
D/B/A CHERISHED EVENTS, Appellees




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2000-60594




MEMORANDUM OPINION
           Appellees, Patricia Thorne and Sonia Corbin d/b/a Cherished Events, sued appellant,
Kay Smith, to recover $10,000 paid pursuant to an earnest-money contract. The case was
tried to the court, which entered judgment in favor of appellees. We affirm. 
BACKGROUND
           Appellees offered to buy Smith’s commercial property at Smith’s asking price of
$650,000. Smith and appellees entered into an earnest-money contract, using a form entitled
“All Cash or Owner Financed Commercial Earnest Money Contract (Resale).” However, the
sale was not to be either all cash or owner-financed. The contract sales price was shown on
the form as $10,000 cash payment payable at closing and a note “described in 4.B below” for
$640,000. In section 4.B, the note was not described, but section 4.A was checked,
indicating, “This is an all cash sale. No financing is involved.” Under “Special Provisions,”
item “B” stated, “Property being sold on contract for deed—1st lien in favor of Comerica
Bank.” The contract further provided in a default paragraph, “If Buyer fails to comply
herewith, Seller may either enforce specific performance or terminate this contract and
receive the Earnest Money as liquidated damages.” The closing date for the sale was shown
as January 21, 2000. In response to appellees’ concerns that their financing might not be
approved by January 21, Smith wrote at the bottom of the contract, “If buyer is unable to
close by January 21, 2000, Seller agrees to allow buyer to pay the current mortgage price of
$6034.00 for one month only to extend closing date to Feb. 21, 2000.” 
           Appellee Thorne testified that Smith extended the time for closing because Smith
knew that appellees had not secured financing. Thorne testified that she did not tell Smith
that they had secured financing. Thorne said she asked Smith about the “all cash sale” item,
and Smith explained that it was checked because financing was not involved on her part and
she would get cash from the mortgage company, so it was the same thing. Thorne testified
that she understood the contract was contingent on securing financing and that she thought
Smith had the same understanding. 
           Appellee Corbin testified that she discussed getting third-party financing with Smith. 
Corbin further testified that appellees had not secured financing when they signed the
earnest-money contract, Smith knew they did not have financing, and Smith met with the
mortgage company a couple of times to provide information and to answer questions about
the property. Corbin stated that, when she saw the “all cash” provision in the contract, she
told Smith they were not providing all cash, but were getting financing. Corbin said Smith
explained that Smith would be given cash through the mortgage company and that the
provision made it clear that Smith was not providing the financing. Corbin testified that she
never told Smith that they had secured financing for the property. 
           Smith testified, in response to the court’s question, that the property was not being
sold on a contract for deed. Smith further testified that she met with appellees’ mortgage
company to provide information. Smith stated that she discussed the status of the financing
with appellees before they signed the contract and that appellees said the loan had been
approved. Smith testified that she learned that there was a problem with the appraisal after
they had signed the contract. 
           The sale did not close; Smith retained the $10,000 earnest money; and appellees sued
Smith for the return of the money. After rendering judgment for appellees, the trial court
made findings of fact and conclusions of law. In five issues, Smith challenges the trial
court’s findings and conclusions that (1) there was no meeting of the minds on the issue of
financing, (2) the earnest-money contract was ambiguous, (3) the contract contemplated a
contingency that never occurred, (4) Smith suffered no damages, and (5) retention of the
earnest money resulted in unjust enrichment. 
DISCUSSION
Standard of Review
           In a case tried to the court, findings of fact have the same force and dignity as a jury’s
verdict. Herbage v. Snoddy, 864 S.W.2d 695, 698 (Tex. App.—Houston [1st Dist.] 1993,
writ denied). When there is a complete reporter’s record, the court’s findings of fact are not
conclusive, but are reviewable for legal and factual sufficiency of the evidence by the same
standards as are applied in reviewing a jury’s answers to jury questions. Id.; Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). When one or more elements of a ground of
recovery have been found, implied findings of the omitted elements are deemed in support
of the judgment if supported by the record. Tex. R. Civ. P. 299. Conclusions of law are
reviewable de novo and will be upheld on appeal if the judgment can be sustained on any
legal theory supported by the evidence. Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex.
App.—Houston [1st Dist.] writ dism’d w.o.j.). 
 

Meeting of the Minds
           In her first issue, Smith challenges the legal and factual sufficiency of the evidence
to support findings of fact numbers one, three, and six and conclusion of law number 1a,
which are: 
1.On December 18, 1999, Plaintiffs and Defendant signed a form earnest
money contract provided by the defendant for the purchase of real
property located in Harris County, Texas for the purchase price of
$650,000. That contract refers to 3 different modes of
payment/financing. The parties never agreed upon a method of
financing. 
           . . . . 
 
3.The contract contemplates a financial arrangement for $640,000.00, but
despite its “all-cash” or “owner-financed” options, neither was the
agreement of the parties. 
           . . . .
 
6.There was no meeting of the mind on the issue of financing. 
           . . . .
 
1a.The parties did not reach agreement on a material term of the contract:
financing. 

           In construing a written contract, our primary concern is to ascertain the true intentions
of the parties as expressed in the written instrument. Lenape Res. Corp. v. Tenn. Gas
Pipeline Co., 925 S.W.2d 565, 574 (Tex. 1996). To create an enforceable contract, there
must be (1) an offer, (2) an acceptance in compliance with the terms of the offer, (3) a
meeting of the minds, (4) a communication that each party has consented to the terms of the
agreement, (5) execution and delivery of the contract with an intent that it become mutually
binding on both parties, and (6) consideration. Angelou v. African Overseas Union, 33
S.W.3d 269, 278 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The determination of
whether there was a meeting of the minds is based upon objective standards of what the
parties said and did, not on their alleged subjective states of mind. Adams v. Petrade Int’l,
Inc., 754 S.W.2d 696, 717 (Tex. App.—Houston [1st Dist.] 1988, writ denied). Without a
meeting of the minds, there is no enforceable contract. See MTIS Ltd. v. Corporacion
Interamericana de Entretenemiento S.A. de C.V., 64 S.W.3d 62, 68 (Tex. App.—Houston
[14th Dist.] 2001, no pet.). 
           In this case, there was evidence that Smith’s selection of an inapplicable earnest-money-contract form created confusion and misunderstanding between the parties. Smith’s
explanation that the “all-cash” option referred only to the fact that Smith would receive the
full amount of the sales price at closing was intended to reassure appellees regarding
questionable provisions in the form used. The trial testimony clearly established that the sale
of the property was to be neither “all-cash” nor “owner-financed.” Therefore, there is both
legally and factually sufficient evidence to support the trial court’s finding of fact number
three. 
           Regarding findings of fact numbers one and six, the contract, on its face, appears to
show two different methods of payment: paragraph 3.B indicates that a note is involved and
is described within the contract, and paragraph 4.A indicates that the transaction will be an
“all cash” sale. In addition, Smith and Corbin both testified that Smith was aware of
appellees’ attempts to secure third-party financing and spoke with the mortgage company on
at least two occasions. This evidence is legally and factually sufficient to support the trial
court’s findings that the parties never agreed upon a method of financing (number one) and
that there was no meeting of the minds on the issue of financing (number six). We therefore
uphold the court’s conclusion of law that the parties did not reach agreement on a material
term of the contract. 
           Accordingly, we overrule Smith’s first issue. 
Unjust Enrichment
           In her fifth issue, Smith challenges conclusion of law number four, which concludes,
“Retention of earnest money paid was unjust enrichment to Defendant.” Smith relies on the
principle that an action for unjust enrichment may not be maintained when there is a valid
contract that addresses the matter in controversy, citing Fortune Production Co. v. Conoco,
Inc., 52 S.W.3d 671 (Tex. 2000). 
           We have upheld the trial court’s finding that there was no meeting of the minds on the
issue of financing and the trial court’s conclusion that the parties did not reach agreement on
a material term of the contract. Therefore, there was not a valid contract addressing the
matter in controversy. See MTIS Ltd., 64 S.W.3d at 68. The unjust-enrichment doctrine
applies the principles of restitution to disputes that are not governed by a contract. R. Conrad
Moore & Assoc. v. Lerma, 946 S.W.2d 90, 96 (Tex. App.—El Paso 1997, writ denied). 
Restitution is an appropriate remedy under the doctrine of unjust enrichment when a contract
is unenforceable. Id. at 96-97. 
           We overrule Smith’s fifth issue. 
CONCLUSION
           Because Smith’s first and fifth issues are dispositive, we need not consider Smith’s
second, third, or fourth issues.
           We affirm the judgment. 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.