**Affirmed and Opinion filed June 16, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00320-CV

_____

### DARYL GREEN, Appellant

### V.

### GROCERS SUPPLY CO. INC, Appellee

**On Appeal from the County Court at Law No. 3 & Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. CI50701**

## O P I N I O N

Appellant Daryl Green challenges a county court judgment in a forcible entry and detainer action brought by appellee Grocers Supply Co., Inc. We affirm.

### *Background*

Green did not order the reporter's record on appeal, as discussed below. Accordingly, these background facts are gleaned from the clerk's record. Green leased commercial property from MRA Two, LLC. Grocers Supply subsequently

assumed the lease as lessor. The lease agreement required Green to maintain general liability insurance and obtain a certificate of insurance showing Grocers Supply to be an insured party in addition to Green. Green also was required to provide the certificate of such insurance to Grocers Supply. Grocers Supply sent Green a letter on July 16, 2013 requesting a certificate of insurance in compliance with the lease agreement.[1] Under the terms of the lease agreement, Green would default on the lease if he failed to "perform or observe" any covenant of the lease within thirty days of receiving notice of such failure. In the event of default, Grocers Supply had the immediate right to reenter the leased premises and remove all persons and property.

Grocers Supply sent Green another letter on September 16, notifying him that he had violated the terms of the lease due to his failure to provide a valid certificate of insurance and giving him 15 days to remedy the deficiency.[2] On October 2, Green emailed a certificate of insurance to a representative for Grocers Supply, but the certificate did not show that Grocers Supply was an insured party. The representative responded, "This will not work. [Grocers Supply] needs to be listed as additional insured on the Certificate of Insurance. Please have this corrected and emailed to me to avoid a lockout."

On October 17, Grocers Supply sent Green a letter informing him it was terminating the lease effective October 18 due to his failure to cure the deficiency and also because he had fallen behind on lease payments. On October 18, Grocers Supply served a change of locks notice on Green and locked him out of the premises. Later that day, Green faxed Grocers Supply a certificate of insurance

---

[1] The letter advised Green, "You may need to refer to your lease agreement for the minimum coverage required."

[2] As noted below, the court found Grocers Supply should have given Green 30 days.

dated October 18, 2013, naming Grocers Supply as an insured, and subsequently reentered the premises.[3]

On November 1, Grocers Supply served Green with a notice to vacate the property within three days. Green did not do so, and Grocers Supply filed a forcible entry and detainer petition in justice court seeking a writ of possession, among other things. A jury trial was held. The jury found in favor of Grocers Supply. Green appealed to the county court at law. After trial de novo, the county court rendered judgment for writ of possession in favor of Grocers Supply and set an appeal bond. Green paid the bond and filed the present appeal.

## *Discussion*

Construing Green's appellate brief liberally, we interpret his arguments as essentially challenging the legal and factual sufficiency of the evidence supporting the county court's judgment.[4] Green specifically complains that evidence presented at trial shows there was no default of the lease and he cured any purported default.

No reporter's record was filed in this case. The county court official court reporter notified this court that Green had not made arrangements to pay for the reporter's record. On April 30, 2014, the clerk of this court notified Green that we would consider and decide only those issues that do not require a reporter's record

---

[3] Green also filed a petition for reentry in justice court. On October 23, the justice court signed an order finding that no unlawful lockout had occurred. That ruling has not been appealed.

[4] Green does not cite any authority in support of his arguments. In three issues, he complains that (1) the county court at law "join[ed Grocers Supply's] argument indicating that [Green] did not provide evidence of [a] certificate of insurance by said deadline on [the] default letter issued by [Grocers Supply]"; (2) the county court at law did not have "sufficient evidence to issue an eviction"; and (3) as a result, Green experienced an unlawful lockout and eviction. We note that in an eviction case, the only issue is the right to actual possession of the property. Tex. R. Civ. P. 510.3(e); *see also Olley v. HVM, L.L.C.*, 449 S.W.3d 572, 577 n.6 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

unless Green provided the court with proof of payment for the record within 15 days. Appellant did not reply. Accordingly, we ordered him to file an appellate brief within 30 days to avoid dismissal for want of prosecution. Green subsequently filed his appellate brief.

Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict. *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.); *see also City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.)). If no reporter's record is made a part of the record on appeal, as here, we presume that sufficient evidence was introduced to support the trial court's findings of fact and the judgment. *See In re Tyler*, 408 S.W.3d 491, 495 (Tex. App.—El Paso 2013, no pet.); *Nelkin*, 833 S.W.2d at 268 (citing *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79, 82 (1955)). We apply the presumption because public policy favors the validity of judgments. *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.). We apply contract interpretation principles to give effect to the parties' intentions as expressed in the unambiguous provisions of the lease. *See Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807, 815 (Tex. App.—Dallas 2008, no pet.).

The county court at law made the following findings of fact at issue here:

- Green and Grocers Supply had a valid lease agreement.

- Pursuant to the lease agreement, Green was required to obtain a certificate of liability insurance, name the lessor as "additional insured," and provide the lessor with a copy of the certificate.

- Grocers Supply notified Green on July 16, 2013 that he had not provided a copy of the certificate of insurance in compliance with the lease agreement.

- Green would default on the lease if he "failed to perform or observe

4

any covenant or condition of the lease, after the expiration of thirty days from being given written notice of such failure."

- Grocers Supply notified Green on September 16 that he was in default because he had not provided Grocers Supply with a copy of the certificate of insurance in compliance with the lease. Grocers Supply required Green to provide proof of insurance within 15 days but admitted at trial that it should have given Green 30 days to cure the default.

- Green emailed Grocers Supply a one page document purporting to be a compliant certificate of insurance on October 2, but it did not name Grocers Supply as an insured party.

- Grocers Supply locked Green out of the property on October 18, which was two days after the expiration of the thirty day period beginning on September 16 but 94 days after the original notice served on July 16 for his failure to cure the default. Later that day, Green faxed a certificate of insurance to Grocers Supply that named it as an additional insured.

- Additional evidence presented at trial showed Green previously had been late on rent payments.

Presuming that the evidence supports the county court's findings, we conclude that the evidence was legally and factually sufficient to support the judgment. Green implies that he cured the default by providing a compliant certificate. Specifically, Green argues that the October 2 e-mail was "well within [the] time frame allowed by appellee to cure default." As noted above, the county court found that Grocer's Supply should have given 30 days rather than 15 days to cure.[5] However, the trial court found that the document emailed to Grocers Supply on October 2 did not name Grocers Supply as an additional insured.

The county court concluded that Green did not provide a certificate of insurance in compliance with the lease agreement before the expiration of 30 days

---

[5] October 2 is 16 days after September 16.

of receiving notice of such failure. We agree that the court's findings support this conclusion. Under the plain language of the lease agreement as expressed in the county court's findings, if Green failed to comply with any provision of the lease agreement and did not cure such failure within 30 days of receiving notice, he would be in default of the lease, and Grocers Supply could terminate the lease. *See Meridien Hotels,* 255 S.W.3d at 819 ("[A] clear and specific forfeiture provision in a contract will be honored."). Accordingly, there is legally and factually sufficient evidence that Green violated the lease agreement, did not cure the deficiency within 30 days of receiving notice, and thus defaulted on the lease.

We overrule Green's issues. We affirm the judgment of the county court at law.

/s/ Martha Hill Jamison
Justice

Panel consists of Justices Jamison, Busby, and Brown.