

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00291-CV

**IN THE INTEREST OF N.S.**, a Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 1997-PA-01542
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  August 19, 2015

AFFIRMED

Appellant Marco Sanchez appeals the trial court's 2014 order granting his ex-wife's motion for judgment nunc pro tunc.  The nunc pro tunc judgment added a SAPCR cause number to a 1998 order that, inter alia, denied Marco's petition to terminate his parental rights to N.S.  Marco argues the trial court erred because it corrected a judicial error, not a clerical one.  Because the evidence was legally and factually sufficient to support the 2014 trial court's finding that the 1998 trial court heard and ruled on motions from the termination and SAPCR causes, we conclude that omitting the SAPCR cause number from the 1998 order was merely a clerical error that was correctable by judgment nunc pro tunc.  Therefore, we affirm the trial court's order.

## BACKGROUND

In 1992, the trial court signed a divorce decree for cause number 92-CI-02148, *In the Matter of Marriage of Marco F. Sanchez and Lisa Sanchez and in the Interest of Danielle Sanchez, Christopher Sanchez, and Nicholas Sanchez, Children.*

In 1997, Lisa sought an increase in child support for her three children. That same year, Marco filed an original petition to terminate his parental rights to N.S. Marco's petition was filed in the same trial court but was given a separate cause number: 97-PA-01542. Thereafter, the trial court[1] signed an order dated February 6, 1998, and titled "Order on Motion to Terminate Parental Rights and Motion to Modify Child Support." The heading on the order listed only one cause number—the one from Marco's parental rights termination suit.

In 2013, Marco moved the court to stop withholding child support for N.S. Thereafter, Lisa moved for judgment nunc pro tunc to include the SAPCR cause number in the 1998 order. In 2014, the trial court[2] denied Marco's motion and granted Lisa's motion. Marco appeals the order granting Lisa's motion for judgment nunc pro tunc; he challenges the sufficiency of the evidence.[3]

## MARCO'S ARGUMENTS

Marco argues the trial court's March 10, 2014 Findings of Fact and Conclusions of Law "contain a number of conclusory statements not supported by any evidence." Challenging the trial court's finding regarding a January 30, 1998 hearing, Marco contends there is no evidence to show any hearing was held on that date. He acknowledges the February 6, 1998 order sets child support at $600.00 per month, but denies there is any evidence to support the trial court's 2014 finding that the 1998 order "granted [Lisa's] Motion to Modify Child Support by ordering that child support

---

[1] The Honorable Michael Peden signed the February 6, 1998 order.
[2] The Honorable John D. Gabriel Jr. signed the June 20, 2014 order.
[3] Marco's brief repeatedly asserts the findings of fact are "not supported by evidence" or "not supported by any evidence." We construe Marco's assertions as challenging the factual and legal sufficiency of the evidence.

be increased to $600.00 per month." He also contends there is no evidence to show the $600.00 per month "child support was set for any other child other than [N.S.]." Before we address Marco's arguments, we briefly recite the applicable standards of review for evidentiary challenges in the context of a nunc pro tunc judgment.

## STANDARD OF REVIEW

The questions of whether a trial court rendered judgment, and if so, what the rendered judgment actually contained, are questions of fact. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). If an appellant challenges the sufficiency of the evidence supporting a judgment nunc pro tunc, we apply a clear and convincing evidence standard. *In re R.P.T.*, No. 04-03-00475-CV, 2005 WL 418220, at *2 (Tex. App.—San Antonio Feb. 23, 2005, pet. denied) (mem. op.); *Thompson v. Tex. Dep't of Human Res.*, 859 S.W.2d 482, 485 (Tex. App.—San Antonio 1993, no writ).

### A.      Legal Sufficiency

When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *accord In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005). If the court "determines [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true," the evidence is legally sufficient. *See In re J.L.*, 163 S.W.3d at 85; *In re J.F.C.*, 96 S.W.3d at 266.

### B.      Factual Sufficiency

Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002); *accord In re K.R.M.*, 147 S.W.3d 628, 630 (Tex. App.—San

Antonio 2004, no pet.). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re C.H.*, 89 S.W.3d at 25.

## C. Findings of Fact, No Reporter's Record

If the appellate record contains the trial court's findings of fact and conclusions of law but does not contain the reporter's record, we presume that sufficient evidence was introduced to support the trial court's findings of fact and the judgment. *See Mays v. Pierce*, 281 S.W.2d 79, 82 (Tex. 1955); *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

### NUNC PRO TUNC JUDGMENT

"After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc." *Escobar*, 711 S.W.2d at 231; *see* TEX. R. CIV. P. 316; *America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 876 (Tex. App.—San Antonio 1995, writ denied).

## A. Clerical Error

"'A clerical error is one which does not result from judicial reasoning or determination.'" *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013) (quoting *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986)). The clerk's function in entering judgment highlights the difference between a clerical error and an error in judicial reasoning. *See Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978) ("Judges *render* judgment[s]; clerks *enter* them on the minutes." (emphasis added)). A clerical error is an "error made in *entering* final judgment." *Escobar*, 711 S.W.2d at 231; *see Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970). Evidence of a clerical error may include "written documents, previous judgments, [and] docket entries." *Hernandez v. Lopez*, 288 S.W.3d 180, 185 (Tex. App.—Houston [1st Dist.] 2009, no

pet.); *accord Riner v. Briargrove Park Prop. Owners, Inc.*, 976 S.W.2d 680, 683 (Tex. App.—Houston [1st Dist.] 1997, no writ).

## B.    Judicial Error

In contrast, "[a] judicial error is one made by the court in rendering judgment, as opposed to a failure to accurately recite the judgment rendered." *Stock v. Stock*, 702 S.W.2d 713, 716 (Tex. App.—San Antonio 1985, no writ); *accord Escobar*, 711 S.W.2d at 231. If the trial court renders judgment incorrectly, but the written judgment precisely reflects the judgment the court actually rendered, the error is judicial and the trial court may not alter its written judgment after its plenary power has expired. *See Escobar*, 711 S.W.2d at 231–32; *Hernandez*, 288 S.W.3d at 184–85.

## JUDGMENT, CONTENTS

Before deciding whether the nunc pro tunc judgment corrected a clerical or a judicial error, we must determine whether the 1998 trial court rendered judgment on both causes. *See Escobar*, 711 S.W.2d at 232.

## A.    Findings of Fact

Here, the 2014 trial court filed findings of fact and conclusions of law addressing the 1998 trial court's order. The 2014 trial court's findings identify the three children of the marriage, note that the initial child support monthly amount was "$220.00 per month for all three children," and include the following:

> 5. On January 30, 1998, a hearing was held on both the Original Petition for Termination of Parental Rights and the Motion to Modify Child Support in Final Decree of Divorce before Judge Michael Peden.
>
> 6. On February 6, 1998, Judge Michael Peden signed an Order on Motion to Terminate Parental Rights and Motion to Modify Child Support that denied Petitioner's Motion for Termination of Parental Rights and granted Respondent's Motion to Modify Child Support by ordering that child support be increased to $600.00 per month. By mistake, the cause number and caption used on this Order only included the one from the Termination case and did not include the caption

and cause number from the SAPCR case even though Judge Peden heard and ruled on motions from both cases.

. . .

10. On January 22, 2014, this Court held a hearing on Marco F. Sanchez's Motion to Terminate Order for Withholding and Lisa Sanchez's Motion for Judgment Nunc Pro Tunc. On January 27, 2014, this Court made the following rulings: 1) Marco F. Sanchez's Motion to Terminate Order for Withholding was denied and 2) Lisa Sanchez's Motion for Judgment Nunc Pro Tunc was granted.

## B. Presumption, Evidence in Record

Because no reporter's record was filed in this appeal,[4] we presume there was sufficient evidence to support the trial court's finding that the 1998 trial court heard and ruled on motions from both causes. *See Mays*, 281 S.W.2d at 82; *Nelkin*, 833 S.W.2d at 268.

### 1. 1998 Order in Appellate Record

The appellate record shows that in the 2014 hearing on the motion for judgment nunc pro tunc, the trial court considered the evidence and took judicial notice of its file. The file includes a copy of the February 6, 1998 order. The order is titled "Order on Motion to Terminate Parental Rights and Motion to Modify Child Support"; it states the following:

> On January 30, 1998, the matter of terminating parental rights and modification of child support came to be heard . . . .
>
> After hearing all the evidence and arguments of counsel, the Court found that Petitioner's Motion for Termination of Parental Rights is DENIED. It is also FURTHER ORDERED by this Court that child support be set according to Texas guidelines at $600.00 per month.

### 2. Docket Entries in Appellate Record

The record also contains docket entries. *See Hernandez*, 288 S.W.3d at 185 (noting that evidence of a clerical error may include docket entries); *Riner*, 976 S.W.2d at 683 (same). The

---

[4] In the appendix to Marco's brief, it states the brief relies on the clerk's and reporter's records, but no reporter's record was filed in this appeal.

docket entries for February 6, 1998, state "ORDER ON MOTION TO TERMINATE PARENTAL RIGHTS-DENIED" and "MOTION TO MODIFY CHILD SUPPORT–GRNTD."

        *3.*        *No Evidence to Overcome Presumption*

On appeal, Marco argues there is no evidence to support the 2014 trial court's findings, but he must overcome the presumption that the evidence presented was sufficient to support each of the findings. *See Mays*, 281 S.W.2d at 82; *Nelkin*, 833 S.W.2d at 268. Both the 1998 order and the docket entries support the trial court's finding that motions from both causes were heard and ruled on at the 1998 hearing. Further, the record shows the SAPCR suit expressly identified all three children, a hearing was held before the February 6, 1998 order was signed, and the child support amount was increased. Therefore, we conclude Marco failed to overcome the presumption that the evidence was legally and factually sufficient to support the trial court's findings. *See Mays*, 281 S.W.2d at 82; *Nelkin*, 833 S.W.2d at 268.

## JUDICIAL OR CLERICAL ERROR

Having concluded that the 1998 trial court heard and ruled on motions in both causes, we now consider whether the nunc pro tunc judgment corrected a clerical or judicial error. *See Escobar*, 711 S.W.2d at 231.

Despite the order's title, which expressly identifies both the termination and SAPCR causes, and the order's contents, which expressly ruled on matters in both causes, the February 6, 1998 order included only the number for the parental termination cause. Marco argues the error is judicial, but *Escobar* indicates otherwise.

In *Escobar*, the trial court's judgment nunc pro tunc corrected the number of acres stated in a written judgment to match the number of acres the trial court actually awarded. *Escobar*, 711 S.W.2d at 232; *see also Andrews v. Koch*, 702 S.W.2d 584, 586 (Tex. 1986) (affirming the trial

court's nunc pro tunc judgment because the signed judgment did not accurately reflect the decision the trial court actually made).

Here, the trial court made a similar correction. *Cf. Escobar*, 711 S.W.2d at 231–32. The trial court's judgment nunc pro tunc corrected the 1998 written order to include the SAPCR cause number that the 1998 trial court heard and ruled on. *Cf. id.* at 232. Because the 1998 trial court ruled on motions in both causes, the trial court did not require judicial reasoning to correct the 1998 order by adding the SAPCR cause number. *See Andrews*, 702 S.W.2d at 586. Therefore, the omission of the SAPCR cause number from the 1998 order was clerical and could be corrected by judgment nunc pro tunc. *See Escobar*, 711 S.W.2d at 231; *Andrews*, 702 S.W.2d at 586.

## CONCLUSION

In his appeal of the trial court's order granting Lisa's motion for judgment nunc pro tunc, Marco complained that neither the trial court's findings nor its judgment were supported by any evidence. But the evidence in the appellate record includes the 1998 trial court's order and docket entries; this evidence shows the 1998 trial court heard and ruled on both causes. Further, the record does not include any reporter's record. Thus, Marco had to overcome the presumption that there was sufficient evidence to support all of the trial court's findings including the finding that the 1998 trial court heard and ruled on motions from both the parental termination and SAPCR causes.

Because Marco failed to overcome the presumption, and the 1998 trial court's error was clerical and could be corrected by judgment nunc pro tunc, we affirm the trial court's order granting Lisa's motion for judgment nunc pro tunc.

Patricia O. Alvarez, Justice