Sunshine E. SIMMONS, Guardian, and Edwin I. McKellar, Jr., Appellants,

v.

HARRIS COUNTY, Texas, Appellee.

No. 14–94–00982–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 8, 1996.

Rehearing Overruled March 21, 1996.

Edwin I. McKeller, Jr., Houston, Paul J. Smith, Houston, for appellants.

Lana S. Shadwick, Houston, James T. Downes, Jr., Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from an order of Probate Court No. 3 denying attorney fees to appellants, Sunshine E. Simmons, guardian, and Edwin I. McKellar, Jr., attorney for the guardian. Appellee, Harris County, had been notified of a claim for attorney fees incurred in the guardianship under Section 247 of the Texas Probate Code, which is now Section 669. The trial court denied the claim. In points of error one through four, appellant alleges the court erred in refusing to order the county to pay attorney fees. In point of error five, appellant claims the court erred in refusing to render judgment nihil dicit for attorney fees against the county. We affirm.

Appellant argues that the sole issue in this appeal is whether an attorney for a guardian must be appointed by the court to be paid attorney fees and expenses under former Section 247 (now § 669) of the Probate Code. Appellant McKellar was not appointed by the court to represent the estate in this case.

■ We feel the issue to be determined is whether attorney fees arising out of a private contract between an attorney and a client, as in this case, are recoverable against the county as *costs* when the estate has insufficient funds to pay the same pursuant to TEX.PROB.CODE ANN. § 247 (now § 669) (Vernon 1980 and Supp.1995).

Section 247 of the Probate Code provided:

When any person is found to be of unsound mind or to be an habitual drunkard, the *cost of the proceeding* shall be paid out of his estate, or, if his estate be insufficient to pay the same, such costs shall be paid out of the county treasury, and the judgment of the court shall be issued accordingly. (emphasis added).

Section 669 (Vernon Supp.1995) provides:

In a guardianship matter, the *cost of the proceeding,* including the cost of the guardian ad litem or court visitor, shall be paid out of the guardianship estate, or, if the estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding shall be paid out of the county treasury, and the judgment of the court shall be issued accordingly. (emphasis added).

Section 247 makes *no* provision for the payment of attorney fees as *costs* in the event of insolvency of a guardianship. Attorney fees are not costs unless made so by statute.

Section 12 of the Probate Code provides, in pertinent part:

(a) Applicability of Laws Regulating Costs. The provisions of law regulating costs in ordinary civil cases shall apply to all matters in probate when not expressly provided for in this Code.

Texas Rules of Civil Procedure 125 through 149 address costs. Rule 141 provides: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."

*State v. Estate of Brown,* 802 S.W.2d 898 (Tex.App.—San Antonio 1991, no writ), involved an award of attorney fees to the administratrix of an estate. The estate had filed a motion to release a state tax lien in the probate court; the case was transferred to the district court. The district court held a hearing on the *motion,* which included a claim against the state for attorney fees. After the hearing in which the State was not present, the court entered a *judgment* awarding the administratrix $3,500.00 in attorney fees and costs of court. The case was similar to this one in that appellant here argues that "costs" in Section 247 include attorney fees for services to the guardian and that the court should have entered *judgment* nihil dicit on appellant's motion for award of fees against the county under Section 247. In *Brown,* the estate argued that under Rules 131 and 141, of the Texas Rules of

Civil Procedure, the court, in its discretion, may award attorney fees as *costs* to a successful litigant. On the matter of attorney fees as costs, the court held: "It is established law in Texas that a claimant seeking an award of attorney fees must establish a statutory or contractual ground for the award, since attorney fees may not be awarded on any judicially created basis." *Id.* at 901.

The estate in *Brown* cited *Magids v. American Title Ins. Co.*, 473 S.W.2d 460, 468 (Tex.1971) and *Reames v. Reames*, 604 S.W.2d 335 (Tex.Civ.App.—Dallas 1980, no writ) as authority for the proposition that attorney fees may be taxed as costs. The court in *Brown* pointed out that in both cases there was a statutory basis for the award of such fees. In *Magids*, the supreme court stated the trial court did not abuse its discretion in prorating attorney and guardian *ad litem fees* as costs between litigants because provisions for those fees are statutory. The court in *Brown* further noted that Section 11.18(a) of the Texas Family Code specifically provides for attorney fees to be taxed as costs in a suit affecting the parent-child relationship. Hence, *Reames* was not authority for attorney fees as costs in the *Brown* case.

The *Brown* court held that Rules 131 and 141 of the Texas Rules of Civil Procedure do not permit awards of attorney fees as costs in the absence of a statute that provides for them. There was no statute in *Brown* that provided for attorney fees under the facts of that case and there is no statute providing for attorney fees as *costs* in this case.

Section 688 of the Probate Code, which was effective September 1, 1993, and which was in effect on the date of the hearing on appellant's application (June 9, 1994), specifically provides that attorneys *appointed* under Section 646 (concerning attorneys ad litem) shall be compensated and their fees taxed as *costs*. Appellant McKellar was never appointed by the court to represent the estate. If the ward is unable to pay, the county is responsible.

There is no provision in the Probate Code for the payment of attorney fees as costs under Section 247, now Section 669. There is no statutory or other authority for the award of such fees as costs. We overrule appellant's points of error one through four.

In point of error five, appellant claims the trial court erred by not granting appellant's motion for judgment nihil dicit against the county based on appellant's application for attorney's fees and expenses filed. He argues that since the county appeared, but filed no "answer," he is entitled to judgment on his "pleadings" as in other suits when the defendant appears, but files no formal answer. We note that the county did in fact file an "answer" although it is labeled "Memorandum in Support of Harris County's Opposition to Application for Attorney Fees."

Because we have concluded that appellant is not entitled to attorney fees under Section 247 of the Probate Code and that there is no statutory authority providing for attorney fees to be paid by the county as costs, we find the trial court was correct in denying appellant's motion for judgment.

■ Moreover, we are unwilling to construe an Application for Payment of Attorney Fees filed in the Probate Court as being a sufficient pleading to empower the trial court to render judgment against the county for attorney fees. The application fails to set forth a plaintiff and a defendant, states no cause of action (other than a conclusory interpretation of Section 247 as making the county liable), and does not allege a statutory basis upon which a judgment for the recovery of attorney fees may be based. To hold that this application would be sufficient to support a judgment for attorney fees would be untenable. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810 (Tex.1983); *State v. Estate of Brown*, 802 S.W.2d 898 (Tex.App.—San Antonio 1991, no writ).

We overrule appellant's point of error number five.

The judgment of the trial court is affirmed.