**Affirmed and Opinion filed July 30, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00572-CV

---

## IN RE GUARDIANSHIP OF KENNETH JOE WHITT

---

**On Appeal from the County Court at Law No. 1
Fort Bend County, Texas
Trial Court Cause No. 11-CPR-023529**

---

## O P I N I O N

In this appeal, a daughter who unsuccessfully sought appointment of a guardian of her father's person and estate appeals the trial court's denial of her request that her father's estate be ordered to pay the attorney's fees and expenses she incurred in seeking the appointment. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/petitioner Margo Whitt filed an application for appointment of a guardian of the person and the estate of her father Kenneth Whitt, alleging Kenneth was incapacitated. The trial court appointed an attorney ad litem to represent

Kenneth and his estate. The trial court also appointed an investigator to determine whether a guardianship was necessary or whether a less restrictive alternative was appropriate. The attorney ad litem filed a motion asking the trial court to deny Margo's application for appointment of a guardian. After a hearing, the trial court denied this application.

Margo then filed an application and a supplemental application seeking payment of her attorney's fees and expenses in connection with the guardianship proceeding. In these applications, Margo made the following assertions: (1) Margo's attorney rendered necessary legal services and incurred expenses in this case on Margo's behalf; (2) the fees and expenses were necessary and reasonable and were incurred in connection with the filing and prosecuting of Margo's application for appointment of a guardian, in good faith and for just cause; (3) the assets of Kenneth's estate are sufficient to pay these fees and expenses; (4) Margo asks that her attorney's fees and expenses be taxed against and paid by Kenneth's estate. Margo submitted her attorney's affidavit as well as invoices from her attorney and asked that a total of more than $58,000 in attorney's fees and expenses be taxed against and paid by Kenneth's estate. In her applications, Margo did not cite to any statute as a basis for the relief she sought. But, in briefing submitted to the trial court, Margo asserted that she sought this relief under sections 665A, 665B, and 669 of the Texas Probate Code.[1]

After a hearing, the trial court denied Margo's applications seeking payment of her attorney's fees and expenses. The trial court issued findings of fact and conclusions of law. As a basis for its denial of Margo's applications, the trial court cited its failure to find that Margo acted in good faith and for just cause in filing

---

[1] Unless otherwise specified, all statutory references in this opinion are to the Texas Probate Code.

and prosecuting her application for appointment of a guardian. At the hearing on her applications, Margo contended that, at an earlier hearing, her attorney and the attorney ad litem had entered into a stipulation that Margo had good cause to seek appointment of a guardian for Kenneth, and that the trial court accepted it. In the trial court, Margo asserted this alleged stipulation as a reason why the trial court should grant her applications seeking payment of her attorney's fees and expenses. Margo filed a motion to modify the trial court's orders in which she made a second supplemental request for payment of additional attorney's fees and expenses, making the total amount requested in excess of $64,500.

Margo has not appealed the trial court's order denying her application for appointment of a guardian. Margo has appealed from the trial court's order denying her applications for payment of her attorney's fees and expenses. Margo also has appealed from another order for the limited purpose of challenging the part of that order in which the trial court declined to find that Margo acted in good faith and for just cause in filing and prosecuting her application for appointment of a guardian.[2]

## II. ISSUES AND ANALYSIS

In two appellate issues, Margo asserts that (1) the trial court erred in disregarding the alleged stipulation in its orders and in its findings of fact and conclusions of law and (2) based upon the alleged stipulation, this court should reverse the trial court's denial of Margo's applications seeking payment of her attorney's fees and expenses and render judgment granting Margo's applications (hereinafter, the "Fee Applications"). Margo argues that the alleged stipulation

---

[2] Margo stated in her notice of appeal that she was appealing from this order for the limited purpose of contesting the trial court's finding that Margo did not act in good faith and for just cause in the prosecution of her application for appointment of a guardian, and she has not assigned error on appeal as to the remainder of this order.

conclusively establishes the facts necessary to support the Fee Applications under section 665B. Margo also asserts that the attorney ad litem is estopped from asserting that Margo did not act in good faith and for just cause in filing and prosecuting her application for appointment of a guardian. Margo further contends that there is no evidence to support the trial court's failure to find that she acted in good faith and for just cause in seeking the appointment of a guardian. In the alternative, Margo argues sections 665A and 669 mandate that Kenneth's estate pay these fees and expenses because it is uncontested that his estate is able to pay these amounts.[3]

## A. Did the trial court err in denying the Fee Applications to the extent relief was requested under section 665B?

Kenneth asserts that, under the unambiguous language of section 665B, attorney's fees may not be awarded under that statute unless the trial court creates a guardianship. The parties have not cited, and research has not revealed, any case addressing this issue, and it appears to be one of first impression. Section 665B, entitled "Payment of Attorney's Fees to Attorney Representing Applicant," provides as follows:

> (a) A court that creates a guardianship or creates a management trust under Section 867 of this code for a ward under this chapter, on request of a person who filed an application to be appointed guardian of the proposed ward, an application for the appointment of another suitable person as guardian of the proposed ward, or an application for the creation of the management trust, may authorize the payment of reasonable and necessary attorney's fees, as determined by the court,

---

[3] In her reply brief and further supplemental briefing, Margo argues that other statutes also support the relief requested in her Fee Applications. But, she did not argue these statutes in her opening appellate brief and thus has waived these arguments. *See Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 139 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Likewise, Margo has waived the other arguments that she raised for the first time in her reply brief or subsequent briefing. *See id*.

to an attorney who represents the person who filed the application at the application hearing, regardless of whether the person is appointed the ward's guardian or whether a management trust is created, from:

(1) available funds of the ward's estate or management trust, if created; or

(2) subject to Subsection (c) of this section, the county treasury if:

(A) the ward's estate or, if created, management trust, is insufficient to pay for the services provided by the attorney; and

(B) funds in the county treasury are budgeted for that purpose.

(b) The court may not authorize attorney's fees under this section unless the court finds that the applicant acted in good faith and for just cause in the filing and prosecution of the application.

(c)  The court may authorize the payment of attorney's fees from the county treasury under Subsection (a) of this section only if the court is satisfied that the attorney to whom the fees will be paid has not received, and is not seeking, payment for the services described by that subsection from any other source.

Tex. Prob. Code Ann. § 665B (West 2013). The Probate Code provides statutory definitions for the following terms used in section 665B:

> "Estate" or "guardianship estate" means the real and personal property of a ward or deceased ward, both as the property originally existed and as has from time to time changed in form by sale, reinvestment, or otherwise, and as augmented by any accretions and additions to (including any property to be distributed to the representative of the deceased ward by the trustee of a trust that terminates on the ward's death) or substitutions for the property, and as diminished by any decreases to or distributions from the property.

> "Guardian" means a person who is appointed guardian under Section 693 of this code, or a temporary or successor guardian. Except as expressly provided otherwise, "guardian" includes the guardian of the estate and the guardian of the person of an incapacitated person.

5

"Proposed ward" means a person alleged to be incapacitated in a guardianship proceeding.

"Ward" is a person for whom a guardian has been appointed.

Tex. Prob. Code Ann. § 601(9),(11),(27),(31) (West 2013).

We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*.

Under section 665B, "a court that creates a guardianship or creates a management trust under Section 867 of this code for a ward under this chapter . . . may authorize the payment of reasonable and necessary attorney's fees . . . from: (1) available funds of the ward's estate or management trust, if created[,]" or (2) from the county treasury under certain circumstances. Tex. Prob. Code Ann. § 665B. For a court to authorize payment of attorney's fees under this statute, the court must create a guardianship or create a management trust under section 867. *See id*. In addition, the court is given authority to authorize payment of attorney's fees from only two sources: (1) available funds of the ward's estate or management trust, if created, or (2) the county treasury, under certain circumstances, if the ward's estate or, if created, management trust, is insufficient to pay for the services provided by the attorney. *See id*. Under the Probate Code's unambiguous

6

language, there is no "ward's estate" unless a guardian is appointed. *See id.* § 601(9), (31) (defining "estate" to mean certain property owned by "a ward or deceased ward" and defining "ward" as "a person for whom a guardian has been appointed"). In section 665B, the Legislature could have, but did not, provide for the payment of attorney's fees from the "proposed ward's estate."

This interpretation of section 665B is consistent with the statutory language providing that relief may be granted "on request of a person who filed an application to be appointed guardian of the proposed ward, an application for the appointment of another suitable person as guardian of the proposed ward, or an application for the creation of the management trust." *Id.* § 665B(a). All three of these categories of applicants may be involved when the trial court creates a guardianship or creates a management trust under section 867. *See id.* Under section 665B, the Legislature also provides that a court may authorize fees under this statute "regardless of whether the person is appointed the ward's guardian or whether a management trust is created." *Id.* But, this language is not inconsistent with the requirement that the court have created a guardianship or a management trust under section 867. *See id.* A court may have created a guardianship or a management trust (or both) and yet not appointed the applicant to be the ward's guardian. Likewise, a court that creates a guardianship but denies an application for the creation of a management trust is still a court that created a guardianship or a management trust. *See id.* There is no language in section 665B stating that payment may be ordered regardless of whether a guardianship is created or regardless of whether the court appoints a guardian.

Interpreting section 665B to apply only to courts that create a guardianship or a management trust under section 867 and interpreting the statute not to allow courts to authorize payments from proposed wards or their estates gives effect to

the entire statute and is consistent with the plain meaning of the statutory language. Interpreting section 665B to apply to courts that do not create a guardianship or a management trust under section 867 and interpreting the statute to allow courts to authorize payments from proposed wards or their estates would be contrary to the plain meaning of the following text: "a court that creates a guardianship or creates a management trust under Section 867 of this code for a ward" and "available funds of the ward's estate or management trust, if created." *Id*. We conclude that, under the unambiguous language of the statute, a court may not award relief under section 665B unless the court first creates a guardianship or creates a management trust under section 867.

In the case under review, the trial court did not create a guardianship or a management trust under section 867, and there was no ward's estate from which the trial court could have ordered payment of fees. *See id*. In the Fee Applications, Margo asked the trial court to order payment of her attorney's fees from Kenneth's estate. But Kenneth is not a "ward" and his property is not an "estate" as those terms are used in section 665B. *See id*. §§ 601(9), (31), 665B. Under the unambiguous wording of section 665B, the trial court could not grant the relief requested in the Fee Applications under this statute.[4] Thus, we disagree with Margo's assertion that the alleged stipulation conclusively establishes the facts necessary to support the Fee Applications under section 665B. Assuming, without deciding, that (1) the attorney ad litem and Margo's attorney stipulated that Margo had good cause to seek appointment of a guardian for Kenneth and (2) the

---

[4] Research has not revealed any case by the Supreme Court of Texas or this court addressing whether costs may be taxed against a proposed ward's estate under sections 665A and 669. We need not address that issue today. But, assuming, without deciding, that those statutes allow costs to be taxed against a proposed ward's estate, the language in those statutes is materially different from the language in section 665B, and allowing costs to be taxed against the proposed ward's estate would not change today's interpretation of section 665B.

8

trial court accepted this stipulation, the trial court did not err in denying the Fee Applications to the extent Margo sought relief under section 665B, because the relief Margo requested is not available under this statute. *See Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that even if the trial court makes an erroneous conclusion of law, the court of appeals will not reverse if the trial court rendered the proper judgment); *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.) (noting that the trial court's judgment will be affirmed if it is correct under any legal theory supported by the evidence). Accordingly, section 665B affords no basis for granting the Fee Applications.

**B. Did the trial court err in denying the Fee Applications to the extent relief was requested under section 665A?**

Margo also argues that section 665A mandates that Kenneth's estate pay her attorney's fees and expenses. Section 665A, entitled "Payment for Professional Services," provides:

> The court shall order the payment of a fee set by the court as compensation to the attorneys, mental health professionals, and interpreters appointed under [Chapter XIII of the Probate Code], as applicable, to be taxed as costs in the case. If after examining the proposed ward's assets the court determines the proposed ward is unable to pay for services provided by an attorney, a mental health professional, or an interpreter appointed under this chapter, as applicable, the county is responsible for the cost of those services.

Tex. Prob. Code Ann. § 665A (West 2013). The record does not reflect that the attorney representing Margo was appointed by the trial court under Chapter XIII of the Probate Code; therefore, under the unambiguous language of section 665A, Margo's attorney's fees and expenses may not be taxed as costs under this statute. *See id.*; *Simmons v. Harris County*, 917 S.W.2d 376, 378 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (concluding that attorney for guardian, who was not

9

appointed by the trial court could not have his attorney's fees taxed as costs under statutory predecessor to section 665A that had similar language). Therefore, the trial court did not err in denying the Fee Applications to the extent Margo sought relief under section 665A. *See* Tex. Prob. Code Ann. § 665A; *Simmons*, 917 S.W.2d at 378.

## C. Did the trial court err in denying the Fee Applications to the extent relief was requested under section 669?

Margo also argues that section 669 mandates that Kenneth's estate pay her attorney's fees and expenses as part of the "cost of the proceeding." Section 669 of the Texas Probate Code, entitled "Costs against Guardianship," provides:

> (a) Except as provided by Subsection (b) of this section, in a guardianship proceeding, the cost of the proceeding, including the cost of the guardian ad litem or court visitor, shall be paid out of the guardianship estate, or, if the estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding shall be paid out of the county treasury, and the judgment of the court shall be issued accordingly.

> (b) If a court denies an application for the appointment of a guardian under this chapter based on the recommendation of a court investigator, the applicant shall pay the cost of the proceeding.

Tex. Prob. Code Ann. § 669 (West 2013).[5] Margo is a private litigant who retained an attorney to prosecute an application for appointment of a guardian that the trial court denied. In the absence of another statute providing that the fees and expenses of Margo's attorney may be taxed as costs, these fees and expenses are not part of the "cost of the proceeding" that may be taxed as costs under section 669. *See Simmons*, 917 S.W.2d at 377–78 (holding that attorney's fees may not be taxed as part of the "cost of the proceeding" in a guardianship case unless a separate statute provided that these attorney's fees should be treated as costs and that no statute so

---

[5] Subsection (b) does not apply under the facts of the case under review.

provided); *Nelkin*, 822 S.W.2d at 268–69 (holding that attorney's fees and expenses of a private litigant who filed an application for appointment of a guardian may not be taxed as part of the "cost of the proceeding" in a guardianship case). Margo has not cited, and this court has not found, any other statute providing that the fees and expenses of her attorney may be taxed as costs. Therefore, we conclude these fees and expenses are not part of the "cost of the proceeding" that may be taxed as costs under section 669. *See Simmons*, 917 S.W.2d at 377–78; *Nelkin*, 822 S.W.2d at 268–69. The trial court did not err in denying the Fee Applications to the extent Margo sought relief under section 669.[6] *See* Tex. Prob. Code Ann. § 669; *Simmons*, 917 S.W.2d at 377–78; *Nelkin*, 822 S.W.2d at 268–69.

## III. CONCLUSION

The trial court did not create a guardianship or a management trust under section 867, and there was no ward's estate from which the trial court could order payment of fees. In the Fee Applications, Margo asked the trial court to order payment of her attorney's fees from Kenneth's estate. But Kenneth is not a "ward" and his property is not an "estate" as those terms are used in section 665B. The trial court did not err in denying the Fee Applications to the extent Margo sought relief under section 665B, because the relief Margo requested is not available under this statute. Likewise, because the attorney representing Margo was not appointed by the trial court under Chapter XIII of the Probate Code, Margo's attorney's fees and expenses may not be taxed as costs under section 665A. And,

---

[6] On appeal, Margo relies upon two cases that are not on point because they address taxing as costs the attorney's fees and expenses of court-appointed attorneys ad litem. *See Trevino v. Reese*, No. 01-10-00717-CV, 2011 WL 2436523, at *3–5 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.); *Overman v. Baker*, 26 S.W.3d 506, 512–13 (Tex. App.—Tyler 2000, no pet.).

11

because no statute provides that the fees and expenses of Margo's attorney may be taxed as costs, these fees and expenses are not part of the "cost of the proceeding" that may be taxed as costs under section 669. Accordingly, because the arguments in Margo's opening brief do not show that the trial court erred in rendering the rulings that Margo challenges on appeal, we overrule Margo's two issues and affirm the trial court's judgment.[7]

/s/    Kem Thompson Frost
        Justice

Panel consists of Justices Frost, Brown, and Busby.

---

[7] In part of her opening brief, Margo asserts that this court should "act sua sponte" to address an order of the trial court which Margo contends improperly forced her to concede that the $9,000 that Margo gave the attorney ad litem as security for costs could be paid to the attorney ad litem. Although Margo states that she did not appeal this part of the trial court's order and does not challenge this alleged conduct of the trial court on appeal, she asks that this court sua sponte address this issue. But, this court cannot address a non-jurisdictional ruling from which Margo has not appealed, nor can this court address unassigned error in a civil appeal. *See Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986) (holding that "the court of appeals may not reverse a trial court's judgment in the absence of properly assigned error"). Therefore, we do not address this issue.