IN the GUARDIANSHIP OF John D. BURLEY, an Incapacitated Person

NO. 14–14–00664–CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinions filed July 19, 2016

---

Jerry Wayne Simoneaux Jr., Houston, TX, for Appellant.

Michael D. Conner, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

## MAJORITY OPINION

John Donovan, Justice

Appellant Jan B. Cowan appeals from an order directing her, as Guardian of the Person and the Estate of John D. Burley, an Incapacitated Person, to pay from the ward's estate attorney's fees in the amount of $136,824.45, to counsel for appellee Kellie Black. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Cowan is Burley's daughter from his first marriage. Black is Burley's current wife. In 2012, Burley signed a statutory durable power of attorney and a medical power of attorney, both appointing Black, and a declaration designating Black to serve as guardian of Burley's person if the need arose. In August 2013, Cowan filed an application for appointment as guardian that relied upon on an earlier power of attorney. Black contested, arguing Burley did not need a guardian. Black subsequently filed a supplement arguing that, alternatively, she should be appointed as guardian. Cowan filed a plea to the jurisdiction, and Black's alternative pleading was dismissed without prejudice. Black then filed an application for appointment as guardian on March 19, 2014. Following a jury trial, Cowan was appointed guardian of Burley's person and estate.

Black submitted an application for payment of attorney's fees and expenses in the amount of $174,808.17. Cowan objected and Black responded. After a hearing, and submission of additional expense documentation requested by the trial court, payment was authorized in an order signed July 14, 2014. Cowan, as guardian of the estate, was directed to pay Black's attorneys $136,824.45. The trial court entered findings of fact and conclusions of law in support of its order.

### ANALYSIS

In three issues, Cowan complains of the trial court's award of attorney's fees. First, Cowan contends that the attorney's fees incurred before the filing of the guardianship application that were unrelated to the prosecution of the application are not recoverable. Second, Cowan complains Black failed to segregate her recoverable fees from her unrecoverable fees. Lastly, and in the alternative, Cowan contends that even

if the fees were recoverable, the amount awarded was neither equitable nor just.

██ Texas law does not allow recovery of attorney's fees unless authorized by statute or contract. *Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 567 (Tex.2002); *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992). Black sought attorney's fees pursuant to section 1155.054 of the Texas Estates Code, which provides, in pertinent part:

(a) A court that creates a guardianship or creates a management trust under Chapter 1301 for a ward, on request of a person who filed an application to be appointed guardian of the proposed ward, an application for the appointment of another suitable person as guardian of the proposed ward, or an application for the creation of the management trust, may authorize the payment of reasonable and necessary attorney's fees, as determined by the court, in amounts the court considers equitable and just, to an attorney who represents the person who filed the application at the application hearing, regardless of whether the person is appointed the ward's guardian or whether a management trust is created

. . .

. . :

(c) The court may not authorize attorney's fees under this section unless the court finds that the applicant acted in good faith and for just cause in the filing and prosecution of the application.

Tex. Est. Code Ann. § 1155.054(a), (c) (West 2014).

In support of its award, the trial court found:

10. Kellie Black acted in good faith and with just cause in connection with this case including in the filing and prosecution of her application for appointment as permanent guardian of the person and of the estate of John D. Burley.

11. The parties stipulated and agreed that all issues of attorneys' fees would be submitted to the Court rather than the jury.

12. The parties stipulated and agreed that the amount of fees for which Kellie Black made application were reasonable and the services rendered were necessary.

13. The parties did not stipulate that the fees for which Kellie Black made application were recoverable in this case.

Cowan does not challenge any of these findings.[1] The record before this court reflects the only issue reserved by the stipulation on attorney's fees was whether the fees were recoverable under the statute. Cowan's objection to Black's application for attorney's fees states:

8. At trial in this matter, Counsel for Black and for Cowan stipulated as to the necessity and reasonableness of each other's attorney's fees, but Counsel for Cowan asserted his client's position, then and now, that the Court lacks jurisdiction to award to any party attorney's fees that were incurred prior to her filing an application for the appointment of a guardian. The parties agree that the Court should make the final determination as [to] any amount awarded to any party as the Court deems proper.

At the hearing on the Motion for Entry of Judgment, the parties described the stipulation as follows:

---

1. The reporter's record from the jury trial is not part of the record before this court. The issue of attorney's fees was heard separately by the trial court as agreed to by the parties. Accordingly, we disregard references to evidence presented in the jury trial.

[Cowan's counsel]: And we have stipulated to each other[']s fees, right?

[Black's counsel]: The numbers.

[Appellant's counsel]: So they are subject to Court review then.

THE COURT: Yes.

[Cowan's counsel]: And then we are good.

Subsequently, during the hearing on attorney's fees, Cowan's counsel approved the trial court's characterization of the stipulation as follows:

THE COURT: And I remember ya'll agreed that I would review fees and it was going to be obviously discretionary with me as to the awarding of them and the amount?

[Appellant's counsel]: That's correct.

We therefore must consider Cowan's issues in light of the trial court's uncontested findings, the record of the hearing on attorney's fees, and the parties' stipulation on attorney's fees.

■ In her first issue, Cowan argues the fees and expenses incurred before Black filed her application for guardianship are not recoverable because subsection (c) restricts recoverable fees to only those incurred "in the filing and prosecution of the application." We see no such restriction in the plain language of the statute.

This court has previously considered the construction of this statute. *See In re Guardianship of Whitt*, 407 S.W.3d 495 (Tex.App.–Houston [14th Dist.] 2013, no pet.) (construing former Tex. Prob. Code § 665B redesignated as Tex. Est. Code Ann. § 1155.054). However, in that case, the issue was whether the statute authorized the trial court to award attorney's fees when no guardianship was created. *Id.* at 497–98.

■ As we recognized in *Whitt*, the trial court's interpretation of applicable statutes is reviewed de novo. *Id.* (citing *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex.1989)). Our objective in construing a statute is to determine and give effect to the Legislature's intent. *Id.* (citing *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000)). Unless the statutory language is ambiguous, we adopt the interpretation supported by the plain meaning of the words chosen by the Legislature and do not look to extraneous matters for an intent the statute does not state. *Id.* (citing *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997)). We found the unambiguous language of the statute did not permit the trial court to grant the relief requested unless it first created a guardianship or management trust. *Id.* at 500. We noted the Legislature could have, but did not, provide for the payment of attorney's fees from a "proposed" ward's estate. *Id.* at 499.

Subsection (a) permits the trial court to authorize the payment of attorney's fees "to an attorney who represents the person who filed the application ..." Tex. Est. Code § 1155.054(a). Subsection (c) then bars such an award "unless the court finds that the applicant acted in good faith and for just cause in the filing and prosecution of the application." Tex. Est. Code Ann. § 1155.054(c) (West 2014). Although the statute limits recovery of attorney's fees to a person who acted in good faith and for just cause, the Legislature could have, but did not, limit the recovery to only those attorney's fees incurred from the filing and prosecution of the application. *See id.* § 1155.054(a), (c); *In re Guardianship of Whitt*, 407 S.W.3d at 499.

Under the unambiguous wording of the statute, because a guardianship was created the trial court was permitted to authorize the payment of attorney's fees to

Black's attorney upon finding that Black acted in good faith and for just cause. The requisite finding was made and is not challenged on appeal. Accordingly, under the facts presented in this case, we conclude the statute affords a basis for the trial court's order. Cowan's first issue is overruled.

█ In her second issue, Cowan complains Black failed to segregate her recoverable fees from her unrecoverable fees. Because attorney's fees are only recoverable in Texas if they are authorized by statute or contract, "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex.2006). Cowan's complaint is based on her assertion that some of the fees were not recoverable because the statute does not authorize recovery of attorney's fees unless they were incurred from the filing and prosecution of the application. We have concluded the fees were authorized by the statute and appellant is precluded from complaining of the failure to segregate on any other basis in light of the stipulation to attorney's fees. Accordingly, appellant's second issue is overruled.

In her third issue, Cowan argues the trial court's award includes fees that Black "incurred in contesting [Burley's] expressed wishes and in attempting to gain control over his separate property." Again, Cowan is complaining the fees were unrecoverable because they were not incurred from the filing and prosecution of the application. We have concluded otherwise. Moreover, Cowan stipulated that "the Court should make the final determination as [to] any amount awarded to any party as the Court deems proper." Consequent-ly, there is no basis for this court to conclude the trial court's award was inequitable or unjust. Appellant's third issue is overruled.

We affirm the trial court's order.

(Frost, C.J., Dissenting.)

Kem Thompson Frost, Chief Justice, dissenting

In this appeal we are asked to decide what appears to be an issue of first impression under Texas law: whether section 1155.054 of the Texas Estates Code, an attorney's fees-provision, authorizes a trial court to order a ward's estate to pay attorney's fees that are unrelated to the guardianship application. The majority erroneously concludes that the provision authorizes the trial court to award such fees as long as the attorney, at some point, also files an application for guardianship or management trust on the client's behalf. Section 1155.054 authorizes the trial court to award fees to an attorney only for work related to the filing and prosecution of an application for guardianship or management trust. Section 1155.054 does not authorize a trial court to award attorney's fees for work unrelated to the filing and prosecution of the guardianship application, yet the majority affirms such an award today. I respectfully dissent.

Texas law does not allow recovery of attorney's fees unless the recovery is authorized by statute or contract.[1] Appellee Kellie Black sought attorney's fees pursuant to section 1155.054.[2] In her application for payment of legal fees, Black requested fees "necessarily incurred by [Black] in the captioned matter including the filing and prosecution of her application [for guardianship]." In particular, Black requested

---

1. *Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 567 (Tex.2002).

2. Tex. Estates Code Ann. § 1155.054 (West, Westlaw through 2015 R.S.).

attorney's fees for legal services rendered in the case from September 4, 2013 through April 24, 2014. Black first filed an application for guardianship on March 19, 2014. The majority concludes that section 1155.054 authorizes Black to recover her attorney's fees, including attorney's fees Black incurred when Black had no application for guardianship on file, for work unrelated to establishing the guardianship or the creation of a management trust.[3]

We review the trial court's interpretation of applicable statutes de novo.[4] Our objective in construing a statute is to determine and give effect to the Legislature's intent.[5] Unless the statutory language is ambiguous, we are to adopt the interpretation supported by the plain meaning of the statute's words and not look to extraneous matters for an intent the statute does not state.[6]

Section 1155.054, entitled "Payment of Attorney's Fees to Certain Attorneys," provides:

(a) A court that creates a guardianship or creates a management trust under Chapter 1301 for a ward, on request of a person who filed an application to be appointed guardian of the proposed ward, an application for the appointment of another suitable person as guardian of the proposed ward, or an application for the creation of the management trust, may authorize the payment of reasonable and necessary attorney's fees, as determined by the court, in amounts the court considers equitable and just, to an attorney who represents the person who filed the application at the application hearing, regardless of whether the per-

son is appointed the ward's guardian or whether a management trust is created, from available funds of the ward's estate or management trust, if created, subject to Subsections (b) and (d).

(b) The court may authorize amounts that otherwise would be paid from the ward's estate or the management trust as provided by Subsection (a) to instead be paid from the county treasury, subject to Subsection (e), if:

(1) the ward's estate or management trust is insufficient to pay the amounts; and

(2) funds in the county treasury are budgeted for that purpose.

(c) The court may not authorize attorney's fees under this section unless the court finds that the applicant acted in good faith and for just cause in the filing and prosecution of the application.

(d) If the court finds that a party in a guardianship proceeding acted in bad faith or without just cause in prosecuting or objecting to an application in the proceeding, the court may require the party to reimburse the ward's estate for all or part of the attorney's fees awarded under this section and shall issue judgment against the party and in favor of the estate for the amount of attorney's fees required to be reimbursed to the estate.

(e) The court may authorize the payment of attorney's fees from the county treasury under Subsection (b) only if the court is satisfied that the attorney to whom the fees will be paid has not received, and is not seeking, payment for

---

**3.** *See ante* at p. 198. The trial court did not create a management trust, nor did any party seek this relief.

**4.** *In re Guardianship of Whitt*, 407 S.W.3d 495, 498 (Tex. App.–Houston [14th Dist.] 2013, no pet.).

**5.** *Id.*

**6.** *Id.* at 499.

the services described by that subsection from any other source.[7]

The majority concludes that section 1155.054 allows Black to recover attorney's fees for work unrelated to the application for guardianship because subsection (a) permits the recovery of fees by an attorney who represented the client who filed the application, and the statute does not explicitly limit recovery to only those attorney's fees incurred from the filing and prosecution of the application.[8] Subsection (a) authorizes a trial court to award reasonable and necessary attorney's fees to an attorney who represented a party who applied for a guardianship or management trust if the trial court created a guardianship or management trust.[9] Subsection (c) prohibits a trial court from awarding attorney's fees under section 1154.054 unless the court finds that the applicant acted in good faith and for just cause *in the filing and prosecution of the application*.[10]

Although the statute states that the court may award fees to the attorney who represents a client who filed an application for guardianship or management trust, subsection (a) highlights the importance of the attorney performing the function of filing the application for guardianship or management trust by requiring the attorney to take those actions.[11] The statute permits recovery of fees related to the application (including time preparing it for filing) but the statute does not permit recovery for services unrelated to the application. An attorney who does not file an application for guardianship or management trust is not entitled to attorney's fees under section 1155.054.[12] Similarly, an attorney who files an application for guardianship or management trust on behalf of a client is not entitled to attorney's fees under section 1155.054 for work the attorney performed on the client's behalf in a divorce case or in a personal-injury suit or in connection with some other matter simply because the attorney also happened to be the attorney who filed an application for guardianship or management trust. Absent this nexus between the work performed and the application for guardianship or management trust, there can be no recovery under the statute.

By emphasizing the attorney's function, section 1155.054 limits the attorney's fees recoverable to work performed in connection with the function of applying for a guardianship or management trust.[13] Subsection (c) reiterates the focus on the attorney's function (representing the client in filing for and prosecuting an application) by prohibiting an attorney from receiving attorney's fees if the attorney did not file and prosecute the application for guardianship in good faith.[14] Under Black's proffered interpretation of section 1154.054, an attorney who filed an application for guardianship on behalf of a client could seek attorney's fees under section 1154.054 for *any* work the attorney performed on behalf of the client, regardless of the type or nature of the services rendered.[15] The statutory language in section 1154.054 emphasizing the attorney's function shows the

---

7.  Tex. Estates Code Ann. § 1155.054.

8.  *See ante* at p. 198.

9.  Tex. Estates Code Ann. § 1155.054(a); *Whitt*, 407 S.W.3d at 499–500.

10. Tex. Estates Code Ann. § 1155.054(c) (emphasis added).

11. *See id.* § 1155.054 (a).

12. *See id.*

13. *See id.* § 1155.054(a), (c).

14. *See id.* § 1155.054(c).

15. *See ante* at p. 198.

drafters of section 1154.054 did not intend that absurd result.

The trial court erred in awarding attorney's fees for work unrelated to the filing or prosecution of an application for guardianship. This court should reverse the judgment and remand for a new determination of the attorney's-fees award based only on services relating to the filing and prosecution of the application for guardianship.