**Affirmed and Memorandum Opinion filed September 19, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00609-CV

---

### SHERRY YVONNE MCINTYRE, Appellant

### V.

### JEFF  MCINTYRE, Appellee

---

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 450,992**

---

## MEMORANDUM  OPINION

This case involves a dispute over attorney's fees in a guardianship proceeding. After the parties signed a mediated settlement agreement (MSA) and participated in arbitration under the MSA, appellee Jeff McIntyre applied for the appointment of a temporary guardian, alleging that appellant Sherry Yvonne McIntyre failed to comply with an arbiter's decision regarding medical care for the proposed ward, John McIntyre. The probate court appointed a temporary guardian of the person for John. Jeff sought reimbursement of his attorney's fees under the

Estates Code. *See* Tex. Est. Code § 1155.054. After John died and the guardian filed a final report, the court awarded attorney's fees to Jeff payable from John's estate.

In two issues, Sherry contends that the probate court lacked jurisdiction to award attorney's fees, and the court erred by awarding fees in contravention of the MSA. We affirm.

## I. JURISDICTION

In her first issue, Sherry contends that the probate court's jurisdiction expired when John died, and the probate court could not order attorney's fees to be paid out of John's estate because the probate court never created a guardianship over John's estate.

## A. Justiciable Controversy Despite Ward's Death

Although the guardianship of a person ends with the death of the ward, a justiciable controversy may continue to exist regarding other matters such as the guardian's fees and attorney's fees. *See Zipp v. Wuemling*, 218 S.W.3d 71, 73–74 (Tex. 2007) (holding that the ward's death during pendency of the appeal did not render moot a controversy about removal of the guardian, the guardian's fees, and attorney's fees). Here, a justiciable controversy existed after John died regarding Jeff's application for attorney's fees to be disbursed from John's estate. *See id*.

Sherry's cases are inapposite because they concern the authority of a guardian to sell a ward's assets after the ward's death, not whether a request for statutory attorney's fees can be resolved after the ward's death. *See Easterline v. Bean*, 121 Tex. 327, 337, 49 S.W.2d 427, 431 (1932) (holding that the probate court did not have jurisdiction to confirm sale of real estate after ward's death); *In re Estate of Glass*, 961 S.W.2d 461, 461–62 (Tex. App.—Houston [1st Dist.] 1997,

2

pet. denied) (holding that the probate court did not err by ordering the guardian to file a final accounting and terminate the guardianship, despite the guardian's request to collect and liquidate assets of the ward to pay expenses and creditors of the ward's estate). Sherry's reliance in her reply brief on *Mersch v. Texas Department of Aging & Disability Services* is also misplaced. *See* No. 01-17-00186-CV, 2018 WL 2012035 (Tex. App.—Houston [1st Dist.] May 1, 2018, no pet.) (mem. op.). *Mersch* involved claims for declaratory relief regarding whether the plaintiff or the ward owned certain property. *See id.* at *2–3. The claims, asserted in a separate action from the guardianship proceeding against the guardian, were rendered moot by the death of the ward because there was no longer a genuine conflict of tangible interests among the plaintiff and the guardian; no party had the capacity to dispute the plaintiff's claims. *See id.*

Sherry cites no authority, and we have found none, to support the proposition that the death of the ward or the probate court's acceptance of the guardian's final report divests the court of jurisdiction to rule on a pending application for attorney's fees authorized by the Estates Code.

## B. Recovery of Attorney's Fees from Deceased Ward's Estate

The Estates Code authorizes a court that has created a guardianship to award attorney's fees to a person who filed the application for appointment of a guardian. *See* Tex. Est. Code § 1155.054(a). The Statute applies to the appointment of a temporary guardian, as in this case. *See id.* § 1251.013. The court may authorize the payment of attorney's fees "from available funds of the ward's estate." *See id.* § 1155.054(a).

Under the Code, a "ward" is "a person for whom a guardian has been appointed." *Id.* § 1002.030. A guardian includes a temporary guardian. *Id.* § 1002.012. An "estate" is "a ward's or ***deceased ward's property***." *Id.* § 1002.010

3

(emphasis added). A ward's estate does not cease to exist at the ward's death. *In re Guardianship of Bayne*, 171 S.W.3d 232, 236 (Tex. App.—Dallas 2005, pet. denied) (approving the payment of attorney's fees from the ward's estate after the ward's death).

According to the statutes, the probate court could award attorney's fees to be paid from a ward's estate, which includes a deceased ward's property. John was a ward. Thus, the plain language of Section 1155.054(a) and the relevant definitions reveal that the probate court could award attorney's fees to Jeff from available funds of John's property although John was deceased.

The authorities Sherry cites are inapposite because the facts are materially different. *See In re Guardianship of Whitt*, 407 S.W.3d 495, 500 (Tex. App.— Houston [14th Dist.] 2013, no pet.) (probate court correctly denied fees because the court never appointed a guardian, so there was no ward and no estate from which to order the payment of attorney's fees); *In re Guardianship of Person & Estate of A.M.K.*, No. 04-08-00268-CV, 2009 WL 1028074, at *1, *3 (Tex. App.—San Antonio Apr. 15, 2009, no pet.) (mem. op.) (probate court erroneously ordered father of wards to pay attorney's fees directly, not from the estates of the wards); Here, the probate court appointed a guardian and then awarded fees under the Estates Code to be payable from the deceased ward's property.

Sherry's first issue is overruled.

## II.    MEDIATED SETTLEMENT AGREEMENT

In her second issue, Sherry contends that the probate court abused its discretion by awarding attorney's fees in contravention of the MSA. Sherry contends that Jeff (1) agreed to pay his own attorney's fees in the MSA; and (2)

released any claims for reimbursement other than those related to breach of the MSA, which Jeff failed to prove.

We hold that Sherry waived the affirmative defense of release and that the MSA does not unambiguously waive a statutory claim for attorney's fees regarding a future application to appoint a guardian.

## A.    MSA Provisions and Procedural Background

In the MSA, the parties agreed that a medical power of attorney naming Sherry as John's agent was a viable lesser restrictive alternative to guardianship, "as long as the terms of this Agreement are upheld." The parties agreed that John would be under the care of a board-certified geriatrician, among other provisions regarding John's care. And, the parties agreed to submit future disputes about any decisions related to John's care to informal binding arbitration. Under the arbitration provision, the parties did "not waive their right to enforce this Agreement or refile for guardianship should a Party not comply with [the arbiter's] decision."

The MSA included the following provision regarding attorney's fees (Paragraph 16):

> 16.    Sherry, Jeff, Nan, Nancy, Paula, Martha, and Dianna shall be responsible for their own attorney's fees.

The MSA also included a release of claims (Paragraph 22).[1]

---

[1] The release provides:

> 22.    Joint and Mutual Releases. Each party for himself and his lineal heirs, beneficiaries, assigns, representatives, agents, spouses, and descendants, hereby forever releases and discharges each and every other party and their heirs, personal representatives, executors, affiliates, officers, directors, partners, administrators, successors, agents, attorneys, and assigns of and from any and all liabilities, claims, and causes of action, including, but not limited to, tortious interference with inheritance rights,

Jeff ultimately applied for the appointment of a temporary guardian and alleged that the parties participated in arbitration and that the arbiter ordered Sherry to coordinate with other doctors to have the approved geriatrician receive medical information regarding John. Jeff alleged that the geriatrician had not received the requested information as of the date of the filing of the application.

The probate court held a hearing on the application, during which the parties agreed to a settlement. The agreement was transcribed in the reporter's record. The parties agreed for a third-party to be appointed as a temporary guardian of the person for John. The parties agreed that Sherry's medical power of attorney for John would be suspended. The probate court signed an order consistent with the agreement.

Jeff filed an application for reimbursement of attorney's fees, requesting fees that were incurred after the arbitration. Sherry responded and argued that Jeff could not recover attorney's fees because of Paragraph 16 in the MSA. Then John died, and Sherry supplemented the response and argued that the probate court lacked jurisdiction. At a hearing, Sherry made the same arguments; she did not mention

tortious interference with contracts, tortious interference with business relations, physical, mental, or emotional distress, any gifts or alleged advancements, or claims against the estate, non-probate assets, non-probate transfers, claims of conflict of interest, claims against attorneys, accountants, fiduciaries or agents, unjust enrichment, the administration of the Guardianship of the Person and Estate of John, all claims which were or could have been made in the currently pending guardianship proceeding, including but not limited to, claims for fraudulent concealment, rights of reimbursements, exempt property, homestead, fraud, fraud on the community, theft, undue influence, misappropriation, breach of fiduciary duty, and any other statutory rights and demands and causes of action of any kind and/or character, whether known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted, arising out of or any way connected with any act, omission, or event related to any other Party and/or the Guardianship of the Person and Estate of John, save and except for the representations, warranties, and/or obligations under this Agreement.

the release in Paragraph 22 or Jeff's supposed failure to prove a breach of the MSA.

The probate court ordered Sherry, as agent for John, to reimburse Jeff for attorney's fees from assets belonging to John's estate.

## B. Waiver of Affirmative Defense of Release

An assertion that a release bars a claim is an affirmative defense that the defendant must plead and prove. *Barras v. Barras*, 396 S.W.3d 154, 170 n.5 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *see* Tex. R. Civ. P. 94; *see also Wilson v. Fleming*, 566 S.W.3d 410, 415, 426 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (placing burden on the defendants who asserted the release to show that the plaintiffs' claims fell within the scope of the release). Generally, the defendant's failure to plead an affirmative defense waives it. *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992). Indeed, a trial court errs by rendering a judgment on an unpleaded affirmative defense that was not tried by consent, and the court lacks authority to make findings on the defense. *See Cont'l Homes of Tex., L.P. v. City of San Antonio*, 275 S.W.3d 9, 17 (Tex. App.—San Antonio 2008, pet. denied); *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied); *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 327–28 (Tex. App.—Houston [1st Dist.] 1997), *pet. denied*, 989 S.W.2d 363 (Tex. 1999); *see also Frazier v. Havens*, 102 S.W.3d 406, 411–13 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (trial court's application of unpleaded affirmative defense that was not tried by consent probably caused rendition of improper judgment).

Nothing in this record suggests that the parties tried by consent issues regarding the release. *See generally Moore v. Altra Energy Techs., Inc.*, 321 S.W.3d 727, 734 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (discussing

7

trial by consent). Sherry did not mention the release in her filings or during the hearing. Accordingly, we cannot reverse the probate court's judgment based on Sherry's assertion for the first time on appeal that a release barred Jeff's recovery of attorney's fees.

## C. No Waiver of Statutory Attorney's Fees for Future Guardianship Application

A contractual waiver of attorney's fees must "specifically preclude a statutory claim to an award of attorney's fees." *Herring v. Heron Lakes Estates Owners Ass'n*, No. 14-09-00772-CV, 2011 WL 2739517, at *6 (Tex. App.— Houston [14th Dist.] Jan. 4, 2011, no pet.) (mem. op.) (alteration omitted) (quoting *Nat'l Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 701 (5th Cir. 1989)); *see also MeadWestvaco Corp. v. Way Serv., Ltd.*, No. 09-15-00014-CV, 2016 WL 421303, at *9 (Tex. App.—Beaumont Feb. 4, 2016, no pet.) (mem. op.); *Bank of Am., N.A. v. Hubler*, 211 S.W.3d 859, 865 (Tex. App.—Waco 2006, pet. granted, judgm't vacated w.r.m.).

In *Herring*, for example, the parties entered into a Rule 11 settlement agreement in open court, *see* Tex. R. Civ. P. 11, where the parties agreed they would pay their own attorney's fees. 2011 WL 2739517, at *1, *4. This court upheld a subsequent award of attorney's fees under Section 38.001 of the Civil Practice and Remedies Code for breach of the Rule 11 agreement, for amounts accruing after the breach of the agreement, because the provision did not specifically preclude a statutory award of attorney's fees for breach of the settlement agreement itself. *See id.* at *6.

Here, Paragraph 16 does not unambiguously waive a party's statutory claim to attorney's fees related to future requests for the appointment of a guardian. And, the arbitration provision states that Jeff would not waive his right to "refile for

guardianship should a Party not comply with [the arbiter's] decision," as Jeff alleged in his application. Sherry does not dispute Jeff's assertion that the probate court's award of attorney's fees did not include any fees incurred before the parties signed the MSA or participated in arbitration. Thus, the probate court did not err by rejecting Sherry's contention that Paragraph 16 barred the award of attorney's fees under Section 1155.054 of the Estates Code. *See id.*; *cf. Maynard v. Booth*, 421 S.W.3d 182, 185–86 (Tex. App.—San Antonio 2013, pet. denied) (noting that an award of attorney's fees under Section 38.001 was mandatory for breach of a settlement agreement although the settlement agreement "called for each party to pay their own attorney's fees").

Sherry's second issue is overruled.

### III.  CONCLUSION

Having overruled both of Sherry's issues, we affirm the probate court's June 25, 2018 order approving an expenditure of funds for reimbursement of attorney's fees and expenses.


/s/    Ken Wise
Justice

Panel consists of Justices Wise, Jewell, and Hassan.

9